JOHN SIMMONS COMPANY *v.* GRIER BROTHERS COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 57. Argued November 8, 1921.—Decided February 27, 1922.

1. A bill of review is called for only after a final decree adjudicating upon the entire merits and leaving nothing further to be done except the execution of it. P. 88.
2. An interlocutory decree may be modified or rescinded by the court at any time before final decree. P. 88.
3. Whether a decree is final or interlocutory depends upon its essential purport and effect and not upon its characterization in pleadings. P. 89.
4. A decree in a suit for patent infringement and unfair competition, dismissing the bill as to the former ground and granting a permanent injunction as to the latter, but leaving the case pending for an accounting before a master, is interlocutory as an entirety, permitting the plaintiff, if diligent, to seek a rehearing of the dismissal. P. 89. *Smith* v. *Vulcan Iron Works,* 165 U. S. 518, and *Hill* v. *Chicago & Evanston R. R. Co.,* 140 U. S. 52, distinguished.
5. A proceeding to reopen by rehearing or bill of review a decree entered on a mandate of an appellate court should first be referred to that tribunal. P. 91.
6. The fact that a party, to carry on his suit, moved execution of a mandate directing a decree partly adverse to himself, after his right of appeal was exhausted, did not make the resulting decree a decree by consent. P. 91

7. A decision of this court upholding a patent claim is ample ground for rehearing in a pending suit between other parties in which the same claim has been adjudged void. P. 91.
8. Omission to apply to this court for certiorari to an interlocutory decree, *held* not laches. P. 91.
9. *Abercrombe & Fitch Co.* v. *Baldwin,* 245 U. S. 198, upholding claim 4 of Baldwin lamp patent, *followed.* P. 91.
265 Fed. 481, reversed.

CERTIORARI to review a decree of the Circuit Court of Appeals, reversing a decree entered by the District Court after a rehearing, in a suit for patent infringement and unfair competition, and directing reinstatement of another previously entered under its mandate.

*Mr. James Q. Rice* for petitioner.

*Mr. C. P. Byrnes* and *Mr. David A. Reed,* with whom *Mr. Geo. H. Parmelee* and *Mr. Geo. E. Stebbins* were on the briefs, for respondent.

MR. JUSTICE PITNEY delivered the opinion of the court.

In October, 1913, Frederic E. Baldwin, a citizen of New York, together with the present petitioner John Simmons Company, a corporation and citizen of that State, brought suit in the United States District Court for the Western District of Pennsylvania against The Grier Brothers Company, a corporation and citizen of the latter State, charging infringement of reissued letters patent No. 13,542, issued to and owned by Baldwin and under which the Simmons Company was sole licensee, for certain improvements in acetylene gas lamps intended for various uses, especially that of miners' lanterns. The bill charged also unfair competition with plaintiffs by the sale of lamps made to resemble the Baldwin lamp manufactured under the patent. The District Court granted a preliminary injunction as to unfair competition but reserved the question of patent infringement for final hear-

ing   210 Fed. 560.   Upon that hearing the court held claim 4 of the Baldwin reissue patent valid and infringed and awarded a permanent injunction upon both grounds, July 24, 1914, with an interlocutory decree for an accounting.   215 Fed. 735.  Upon appeal by defendant (the present respondent), the Circuit Court of Appeals for the Third Circuit affirmed the decree as to unfair competition but reversed it as to patent infringement, holding the reissue to be void as to claim 4 upon the ground that this broadened the original patent.   219 Fed. 735, 739.   This decision was rendered January 22, 1915, and the mandate went down about a month later setting forth the decree of the appellate court that the decree of the District Court be " affirmed as to so much thereof as refers to the subject of unfair competition, but the rest of the decree must be modified in accordance with the opinion of this court," and that the appellant recover costs and have execution therefor; and thereupon commanding that execution and further proceedings be had according to right and justice. No decree was entered upon this in the District Court until January 5, 1916, when on motion of plaintiffs an order was entered that the decree of the Circuit Court of Appeals be made the decree of the District Court, that plaintiffs recover from defendant their damages sustained by reason of unfair trade to be ascertained and reported by a master to whom reference was made for the purpose, that a perpetual injunction be issued restraining defendant from further unfair competition in trade; and that the bill of complaint as to infringement of the reissue patent be dismissed.   The accounting before the master is still pending.

In May, 1913, Baldwin had brought suit (John Simmons Company intervening) upon the same reissue patent in the United States District Court for the Southern District of New York against Abercrombie & Fitch Company (Justrite Company, intervening), and that court

adjudged the patent valid and infringed. 227 Fed. 455. On appeal this decree was affirmed by the Circuit Court of Appeals for the Second Circuit, November 9, 1915. 228 Fed. 895. On December 20, 1915, defendants in that suit presented to this court a petition for a writ of certiorari; January 10, 1916, this writ was granted (239 U. S. 649); and under it, on December 10, 1917, the decision of the Circuit Court of Appeals for the Second Circuit was affirmed, this court holding, in direct opposition to the decision of the Circuit Court of Appeals for the Third Circuit, that claim 4 of the reissue was valid. 245 U. S. 198. A mandate was sent down January 15, 1918, to the District Court for the Southern District of New York, and the proper decree was promptly entered thereon.

Soon after this, plaintiffs herein petitioned the District Court for the Western District of Pennsylvania for leave to file what was called a "bill of review" against its decree of January 5, 1916. The court in the first instance refused, but without prejudice to an application to the Circuit Court of Appeals for the Third Circuit for leave to file such bill. Upon application that court granted plaintiffs leave to make the application to the District Court, and authorized the latter court to take action thereon. Under this leave, application was renewed to the District Court, the proposed "bill of review" being at the same time presented, and with leave of the court filed. This bill sets out the original bill and the proceedings had thereunder, as above recited; also the proceedings in the suit in the Second Circuit and the final decision of this court therein; alleging these as "new facts" that had arisen since the decree entered in the District Court for the Western District of Pennsylvania on the 5th of January, 1916, and as showing that that decree was erroneous and contrary to law, in so far as (pursuant to the opinion of the Circuit Court of Appeals for the Third Circuit) it dismissed the bill as to infringement of the re-

issue patent and failed to decree a perpetual injunction
and ascertainment of damages as to infringement; prayed
that the cause might be reopened and the decree rescinded
and set aside, in so far as it dismissed the patent cause
of action, and a new decree entered granting the relief
prayed for in the original bill. Defendant answered ad-
mitting in the main, or at least not denying, the allega-
tions of the so-called bill of review as to the former pro-
ceedings and decrees in the courts of the two circuits, but
denying that the lamp involved in the Abercrombie &
Fitch Company suit (the "Justrite lamp") corresponded
in essential features of construction with the "Grier
lamp" involved in the present suit; averring that the de-
cisions of the Circuit Courts of Appeals of the two circuits
were not rendered on the same state of facts; that the bill
was "in fact only a petition for rehearing because of the
decision of the Supreme Court referred to therein;" and
that the decision of this court in the Abercrombie & Fitch
Company suit formed no basis for a bill of review.

Afterwards, John Simmons Company by leave filed a
supplemental bill setting up that it had acquired from
Baldwin all his rights in the reissue patent including all
claims for damages and profits on account of the infringe-
ment. Defendant having answered this, testimony was
taken to show the structural identity of the "Justrite"
and the "Grier" lamps, and the cause came to hearing,
with the result that the District Court found substantial
identity between the two lamps in all essential features of
construction, sustained the right of plaintiffs to maintain
the bill of review, and held that its former decree, en-
tered pursuant to the mandate of the Circuit Court of
Appeals, so far as it held the reissue patent invalid, should
be vacated and set aside and a decree entered sustaining
the validity of claim 4 of the reissue, finding defendant
guilty of infringement thereof, and plaintiffs entitled to
an accounting of profits and a perpetual injunction.

From the decree thus entered an appeal was taken to the
Circuit Court of Appeals, which reversed it and remanded
the cause with directions to reinstate the decree of Janu-
ary 5, 1916.  265 Fed. 481.  To review this decision,
the present writ of certiorari was allowed.  253 U. S. 482.

The District Court, as will appear from an excerpt from
its opinion reported in a note to the opinion of the Cir-
cuit Court of Appeals, 265 Fed. 483, treated the case as
one based upon a true bill of review, and this as resting
not upon new matter that had arisen since the decree
but upon error of law apparent on the face of the record
without further examination of matters of fact.

The Circuit Court of Appeals, upon a recital of the dif-
ferent steps in the litigation, regarded the situation as one
of plaintiffs' own creation, for the reason that after that
court's decision on the original bill but before the man-
date went down, although apprised of the contrary de-
cision of the District Court for the Southern District of
New York in a cause to which they were parties, plaintiffs
made no request to the Circuit Court of Appeals for the
Third Circuit to withhold its mandate; that, after the
mandate went down and before a decree pursuant to it
was entered in the court below, they knew of the affirm-
ance of the decision of the District Court of New York by
the Circuit Court of Appeals for the Second Circuit, yet
made no request to either court in the Third Circuit to
have the entry of a decree withheld; that on the contrary,
with knowledge that this court had under consideration a
petition for certiorari in the Second Circuit case, they pre-
pared and of their own motion caused to be entered on
January 5, 1916, the decree dismissing their suit as to the
patent infringement; and after this court on January 10,
1916, granted the certiorari, they allowed the term to end
without moving to suspend, open, or vacate the decree
of Jaunary 5.  The court held that in effect, so far as
plaintiffs were concerned, that decree was a consent de-

cree, and while not going to the extent of holding that this was sufficient to bar them from maintaining the bill of review, did declare that the anomalous situation and consequent hardship, arising from the fact that a patent adjudged valid in one circuit by this court at the same time had been adjudged invalid by the Circuit Court of Appeals in another circuit, was due not to any fault of the law or of the patent system but to the failure of plaintiffs to take steps that might have avoided it. Proceeding to consider the legal question whether the decision of this court in 245 U. S. 198, either showed an error of law apparent on the face of the record without further examination of matters of fact, or constituted a new fact discovered since the decree and materially affecting it, the court held on the authority of *Scotten* v. *Littlefield*, 235 U. S. 407, 411; *Tilghman* v. *Werk*, 39 Fed. 680; and *Hoffman* v. *Knox*, 50 Fed. 484, that the bill of review could not be maintained.

The cases cited are to the effect that, in the application of the ancient rule of practice in equity, based upon Lord Bacon's first ordinance (Story Eq. Pl., 6th ed., § 404), a change in the authoritative rule of law, resulting from a decision by this court announced subsequent to the former decree, neither demonstrates an " error of law apparent " upon the face of that decree nor constitutes new matter *in pais* justifying a review.

But a bill of review is called for only after a final decree—one that finally adjudicates upon the entire merits, leaving nothing further to be done except the execution of it. If it be only interlocutory, the court at any time before final decree may modify or rescind it. Story Eq. Pl., §§ 408, a, 421, 425. In the so-called bill of review herein, it is in terms alleged that the decree of the District Court for the Western District of Pennsylvania, entered July 24, 1914, was an interlocutory decree. The same is alleged as to the decree of January 5, 1916. Both allega-

tions are admitted by the answer, which at the same time asserts that the " bill of review " is in fact only a petition for rehearing.  Obviously, the nature of the decree is to be determined by its own essential purport and effect not by the statements of the pleaders about it.  But an examination of the record demonstrates that they correctly described the decree as interlocutory.

The decree of July 24, 1914, although following a "final hearing ", was not a final decree.  It granted to plaintiffs a permanent injunction upon both grounds, but an accounting was necessary to bring the suit to a conclusion upon the merits.  An appeal taken to the Circuit Court of Appeals, whose jurisdiction, under § 129 Judicial Code, extended to the revision of interlocutory decrees granting injunctions, followed by the decision of that court reversing in part and affirming in part, did not result in a decree more final than the one reviewed.  The prayer for relief based upon infringement of patent and that based upon unfair competition in trade were but parts of a single suit in equity.  The decree entered pursuant to the decision of the appellate court, did not bring the suit to a conclusion for either purpose.  As to unfair competition, it evidenced a *quasi*-definitive decision in plaintiffs' favor, but an inquiry before a master still was necessary before final decree could pass; an inquiry not formal or ministerial but judicial, in order to ascertain the amount of the damages to be awarded.  As to the claim of patent infringement, the decree evidenced a *quasi*-definitive decision adverse to plaintiffs, which, if nothing occurred to prevent, would in due course be carried into the final decree.  But it did not constitute a separation of the cause, nor dismiss defendant from the jurisdiction for any purpose; necessarily this decision remained in abeyance until the cause should be ripe for final decree; there was nothing to take the case out of the ordinary rule that there can be but one final decree in a suit in equity.

*Smith* v. *Vulcan Iron Works,* 165 U. S. 518, 525, where it was held by this court, after some diversity of opinion among the Circuit Courts of Appeals of the different circuits, that an appeal to one of those courts under § 7 of the Act of 1891, from which § 129 Judicial Code was derived, taken from an interlocutory decree granting an injunction and awarding an accounting in a patent case, conferred jurisdiction upon the appellate court to consider and decide the case upon its merits, and thereupon direct a final decree dismissing the bill, if in its judgment it had no equity to support it, differed vitally from the case before us, since there an adverse decision upon the patent disposed of the entire merits, the suit having no other object. Nor was the situation presented in the present case analogous to that passed upon by this court in *Hill* v. *Chicago & Evanston R. R. Co.,* 140 U. S. 52, which arose out of its decision in 129 U. S. 170. There a decree was held final for the purposes of an appeal, which dismissed the bill as to certain parties and denied relief " upon all matters and things in controversy," although it left undetermined a severable matter in which those parties had no interest. The test of finality here to be applied is rather that exemplified by *Keystone Manganese & Iron Co.* v. *Martin,* 132 U. S. 91, and cases cited. In *Ex parte National Enameling & Stamping Co.,* 201 U. S. 156, 165, it was pointed out that the rule of the *Hill Case* cannot apply to a case in which there is but a single defendant.

Regarding, therefore, the decree of January 5, 1916, as an interlocutory not a final one, there is neither technical nor substantial ground for applying to it the rules pertaining to a bill of review, and the bill herein called such is to be treated as essentially a petition for rehearing. By the 69th Equity Rule (226 U. S. 669) such a petition is in order at the term of the entry of the final decree; and, of course, if an interlocutory decree be involved, a

rehearing may be sought at any time before final decree, provided due diligence be employed and a revision be otherwise consonant with equity.

As the decree in question was entered pursuant to the mandate of an appellate court, proper deference to its authority required that a proceeding to reopen it, whether by rehearing or review, should be first referred to that tribunal. *Southard* v. *Russell,* 16 How. 547, 570–571; *In re Potts,* 166 U. S. 263, 267; *National Brake & Electric Co.* v. *Christensen,* 254 U. S. 425, 430–431.

That having been done in this case, and leave for the purpose obtained (leave to grant a " review " fairly included any step short of that), what obstacle stood in the way of correcting the decree? The suit was still pending; plaintiffs applied promptly after the decision of this court in the *Abercrombie & Fitch Co.* suit, 245 U. S. 198. It was eminently proper that the decree in the present suit should be made to conform to that decision, in the absence of some special obstacle. We cannot assent to the view of the court below that plaintiffs may be regarded as consenting to the decree of January 5, 1916; they simply accepted an adverse decision as to a part of their suit, not open to further appeal at their instance, and proceeded in the orderly mode to pursue their suit as to the rest. They were not guilty of laches for omitting at that stage to make application to this court for allowance of a writ of certiorari. That mode of review is not a right of the party, but lies in this court's discretion; peradventure the very fact that a final decree had not yet been entered might have been deemed a sufficient ground for refusing the writ. *Hamilton-Brown Shoe Co.* v. *Wolf Brothers & Co.,* 240 U. S. 251, 254, 257–258.

Our decision in *Abercrombie & Fitch Co.* v. *Baldwin,* 245 U. S. 198, must be taken as not only demonstrating that the Circuit Court of Appeals erred in its disposition of this case upon the first appeal (219 Fed. 735), but that

the error, even though not amounting to "error apparent," within the meaning of Lord Bacon's first ordinance, afforded ample ground for setting matters right upon a rehearing before final decree, as was in effect done by the District Court. No sufficient ground is shown for the reversal of its latest decree.

> *Decree of the Circuit Court of Appeals reversed, and that of the District Court affirmed; and the cause remanded to that court for further proceedings in conformity to this opinion.*