**DUPLEX PRINTING PRESS CO. et al. v.
R. HOE & CO. et al.**

(Circuit Court of Appeals, Second Circuit.
November 3, 1926.)

No. 31.

1. Patents ⬅321—Decree granting in part on motion to dismiss bill of revivor against directors of corporation dissolved pending patent infringement suit held interlocutory (Stock Corporation Law N. Y. § 22, as amended by Laws N. Y. 1923, c. 787).

Decree in patent infringement suit, granting motion to dismiss bill of revivor against directors of corporation, dissolved under Stock Corporation Law N. Y. § 22, as amended by Laws N. Y. 1923, c. 787, as to injunction, and retaining it as to profits, held interlocutory, and not final decree.

2. Patents ⬅324(2).

Under Judicial Code, § 129 (Comp. St. § 1121), Circuit Court of Appeals has jurisdiction of appeal from order in patent infringement suit dismissing bill of revivor as to injunctive relief refused.

3. Patents ⬅323—Decree properly denied injunction against patent infringement by directors of dissolved corporation, in absence of showing of continuing threatened infringement (Stock Corporation Law N. Y. § 22, as amended by Laws N. Y. 1923, c. 787).

Decree in patent infringement suit, denying injunction against directors of corporation, dissolved in accordance with Stock Corporation Law N. Y. § 22, as amended by Laws N. Y. 1923, c. 787, held properly denied, in absence of charge of continuing threatened infringement by such directors.

Appeal from the District Court of the United States for the Southern District of New York.

Patent infringement suit by the Duplex Printing Press Company and another against R. Hoe & Co. and others. From the decree, plaintiffs appeal, and defendants cross-appeal. Affirmed in part, and in other respects appeal and cross-appeal dismissed.

Rogers, Kennedy & Campbell, of New York City, and Alexander & Dowell, of Washington, D. C. (Arthur E. Dowell and Axel V. Beeken, both of Washington, D. C., and Luther E. Morrison, of New York City, of counsel), for appellants.

Philipp, Sawyer, Rice & Kennedy, of New York City (J. J. Kennedy, of New York City, of counsel), for appellees.

Before MANTON, HAND and MACK, Circuit Judges.

MACK, Circuit Judge. A bill for patent infringement was filed against the corporate defendant. After answer, the corporation was dissolved in accordance with the New York law (Laws 1923, c. 787, amending New York Stock Corporation Law, § 22); a motion to dismiss on the ground of abatement by reason of the dissolution was granted, unless the directors were substituted as defendants within 20 days, in which event it was denied without prejudice. Thereafter a bill of revivor was filed against the directors as defendants. On motion to dismiss this bill as to all of the relief prayed for, on the ground that the original bill had abated and that the cause of action did not survive against the directors as defendants, the learned District Judge entered a decree as follows:

"1. That, as to the matters of injunction, damages, and treble damages, the said motion be and the same hereby is granted, and the said bill of revivor be and the same hereby is dismissed as to injunction, damages, and treble damages.

"2. That, as to the matter of profits, the said motion be and the same hereby is denied and the said bill of revivor be and the same hereby is retained as to profits."

[1] The cause is before us on appeal and cross-appeal from this order; by the plaintiffs from the part numbered 1, and by the defendants from that numbered 2. This is clearly an interlocutory and not a final decree; it retains the cause; it determines only the kind of relief that will be granted, and the method of fixing the measure of recovery if plaintiffs should succeed. Collins v. Miller, 252 U. S. 364, 370, 40 S. Ct. 347, 64 L. Ed. 616; Simmons Co. v. Grier Bros. Co., 258 U. S. 82, 42 S. Ct. 196, 66 L. Ed. 475. Not until plaintiffs establish their right to some relief and the extent thereof, can there be a final decree in the cause.

[2] The order appealed from determines nothing of this kind; it is merely a preliminary guide to the master, if there should be a reference or the expression of an opinion that the court in the future in entering the final decree will adopt the principles therein laid down; until such a final decree is before us, we express no views on the merits of the controversy. This court, however, has jurisdiction on appeal from a limited class of interlocutory orders under section 129 of the Judicial Code (Comp. St. § 1121), among others those in which an injunction is "refused."

While the order reads that "the bill of revivor is dismissed as to injunction," etc., this amounts not to a dismissal of the bill pro tanto, but only to a preliminary announcement that in no circumstances can that specific relief be granted. It might well be con-

tended that, without a motion for an injunction, this interlocutory order should not be construed as a "refusal" thereof; nevertheless, as in legal effect, it is equivalent thereto, the appeal to that extent is within our jurisdiction. But under the statutory limitations this gives no jurisdiction to consider the other questions; we can determine only whether or not the denial of injunctive relief was proper.

[3] Inasmuch as the bill of revivor, whether otherwise justifiable or not, contains no charges of continuing or threatened infringement by these director trustees, clearly as against them no injunction should have been or should have been granted.

In so far as the order of the District Court refuses an injunction, it is affirmed; in other respects, the appeal and cross-appeal are dismissed.