**KLIAGUINE v. JEROME.**
Civ. A. No. C–8307.

United States District Court
E. D. New York.
July 8, 1950.

810

Sol S. Zuckerman, New York City, for plaintiff. Sol S. Zuckerman, Lester Samuels New York City, of counsel.

Elliot W. Isaacson, New York City, for defendant. Walter J. Boyles, New York City, of counsel.

GALSTON, District Judge.

This is a motion by defendant for an order granting leave to move for summary judgment and for an order granting summary judgment. The action is for recovery on a demand note. The facts are set forth in the opinion of this court, reported in 87 F.Supp. 629, denying an earlier motion by defendant for summary judgment.

Since the motion seeks relief from an interlocutory order, Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., is not applicable. That rule, by its terms, applies only to a "final judgment, order, or proceeding".

■ However, in Simmons Co. v. Grier Bros. Co., 1922, 258 U.S. 82 at page 88, 42 S.Ct. 196, at page 198, 66 L.Ed. 475, the Supreme Court declared that if the decree "be only interlocutory, the court at any time before final decree may modify or rescind it".

■ In Moore's Federal Rules and Official Forms, As Amended, with Comments (1949), the following comment is made, at page 1176, with reference to Rule 60(b): "The addition of the qualifying word, 'final', emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires. This is in accord with the principle of John Simmons Co. v. Grier Brothers Co. (1922) 258 U.S.

82 [42 S.Ct. 196, 198, 66 L.Ed. 475] * * *."

In Marconi Wireless Telegraph Co. v. United States, 1943, 320 U.S. 1, 63 S.Ct. 1393, 87 L.Ed. 1731, the Supreme Court recognized the power of the lower court, at any time prior to entry of its final judgment, to reconsider any portion of its decision and reopen any part of the case. It was also recognized, however, that the matter was one within the court's discretion. If justified, therefore, there is authority in the court to grant this motion for leave to move for a summary judgment.

■ The defendant's affidavit in support of his new motion for summary judgment presents new facts, allegedly discovered subsequent to the denial of the previous motion. The affidavit states that the demand note in question was delivered pursuant to an oral agreement that it was not to become binding until the happening of a future event, viz., in the event that defendant died or was killed before using the money in the defendant's business. It is also stated that plaintiff is not the real party in interest, but that he acted only as the agent for his brother, one Alexander Kliaguine. Attached to the affidavit is a copy of a power of attorney from Alexander Kliaguine to plaintiff, authorizing plaintiff to act as Alexander Kliaguine's agent in the United States. There is nothing in the document, however, referring in any way to the transaction or transactions in issue here. The affidavit repeats at some length the contention made on the previous motion that the money in question was given not as a loan but as an investment in a joint venture between the parties.

Among the papers attached to the defendant's affidavit on the present motion are copies of an affidavit of plaintiff submitted to the Foreign Property Control Division of the Federal Reserve Bank in New York, a letter translated from the original Russian and purportedly written by plaintiff to defendant, and a letter written by plaintiff's attorney in California to defendant's assistant at defendant's business establishment in Long Island. These documents categorically deny that the money sued for was given to defendant as an investment

in a joint venture, that the money belonged to plaintiff's brother, or that plaintiff was acting as his brother's agent in the matter involved in this action. Thus material questions of fact exist, requiring a trial for their determination.

On the question of the statute of limitations, defendant again argues that his letter of October 26, 1943 is not an acknowledgment of any loan or debt owed to plaintiff. As was noted in the opinion denying the previous motion, the letter makes no reference to any specific transaction nor to a debt as such. The only reference as to what was meant in the letter by the language, "the money that is due you", was contained in the plaintiff's supplemental affidavit, that the reference was to the $20,000 lent to defendant. Now the defendant declares in his affidavit and other papers attached thereto that the language was a reference to an investment in a joint venture. So again a question of fact is presented.

Defendant, in his brief, points to the use of the word "investment" in the letter of October 26, 1943, and argues that "the inference is inescapable that defendant was referring only to the fact that plaintiff was entitled to the avails of an investment". Of course, if the reference to "the money that is due you" is to an investment, that inference would be "inescapable". However, whether the reference is to a loan or to an investment in a joint venture is, as already indicated, one of the issues in dispute.

Defendant seeks to invoke the parol evidence rule, claiming that the word "investment" is not ambiguous as used here. However, if plaintiff can prove that the reference in defendant's letter to the money due was to money lent, then, since there is nothing in the moving papers indicating that the parties had transactions other than that involving the $20,000 in issue here, there is a fair implication that "investment" referred to the loan. Consequently, the letter, looked at in its entirety, is not as free from ambiguity as the defendant contends. In this connection, it might well be questioned, if the transaction was in a joint venture, why defendant felt obliged to put all the money from the "investment" into an account for plaintiff only.

There is a question, moreover, whether the parol evidence rule can be applied to the letter of October 26, 1943. Generally speaking, the rule applies only to integrated instruments, New York Annotations to sec. 228 of the Restatement of Contracts; Wigmore, Evidence, sec. 2401 (B). See also Eighmie v. Taylor, 1885, 98 N.Y. 288, 297. The letter is not a formal contract, nor even an informal agreement acquiesced in by both parties. On the contrary, the letter of December 6, 1944 from plaintiff's attorney to defendant's assistant expressly contradicts any inference that plaintiff made any "investment" in the sense which defendant attributes to the word.

Plaintiff also argues that the letter of October 26, 1943, assuming it constitutes a promise to pay, contains conditions precedent to payment which have not yet been performed. The fundamental condition, if it is one, is the unblocking of the funds and the property. The moving papers indicate, however, that the steps taken by the Foreign Funds Control Division of the Federal Reserve Bank (or the Alien Property Custodian, as defendant's affidavit asserts), to subject the funds and property to government control, were initiated by the defendant without consultation with or consent or knowledge of the plaintiff. This action by defendant is condemned by plaintiff as having been taken in violation of the true factual situation. Whether a condition for payment has been performed is a question of fact, Tebo v. Robinson, 100 N.Y. 27, 2 N.E. 383. Similarly, whether an alleged condition should be disregarded because fraudulent or unjust should also be determined only upon a full presentation of the pertinent facts. A trial for determination of the question seems eminently just, since the moving papers indicate that the Foreign Funds Control Division will not consider any application to unblock the funds or property until "after judicial determination that plaintiff is not rightful owner of claim".

In view of the foregoing, defendant's motion for leave to renew his motion for summary judgment is denied.