512 F.2d 19
 CHICAGO HOUSING TENANTS ORGANIZATION, INC., et al.,
Plaintiffs-Appellees,
v.
CHICAGO HOUSING AUTHORITY, a Municipal Corporation, and
Harry J. Schneider, Executive Director of the
Chicago Housing Authority, Defendants-Appellants.
 No. 74-1037.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 15, 1974.
Decided Feb. 13, 1975.*
 
 Calvin H. Hall, Chicago, Ill., for defendants-appellants.
 Nelson A. Soltman, Legal Assistance Foundation of Chicago, Thomas A. Grippando, Chicago, Ill., for plaintiffs-appellees.
 Before BARNES, Senior Circuit Judge,** and CUMMINGS and TONE, Circuit Judges.
 TONE, Circuit Judge.
 
 
 1
 This is an appeal from a District Court's order granting an injunction and other relief. Plaintiffs, individual tenants of the Chicago Housing Authority ("CHA"), and the Chicago Housing Tenants Organization, a not-for-profit corporation, all of whose members are tenants of CHA, brought this action individually and on behalf of all others similarly situated against CHA and its Executive Director. In their two-count complaint, plaintiffs sought declaratory and injunctive relief. Count I of the complaint alleges that certain actions of the defendants violated plaintiffs' constitutional right to due process. Count II, based upon the same factual allegations as those contained in Count I, alleges as an alternative basis of relief that defendants' action violated U.S. Department of Housing and Urban Development ("HUD") Circulars RHM 7465.6, RHM 7465.8, and RHM 7465.9 ("Circulars 6, 8, and 9").
 
 
 2
 The District Court, by order of November 21, 1973, denied plaintiffs' request that the cause be maintained as a class action, granted plaintiffs' motion for summary judgment as to Count II, found Circulars 6, 8, and 9 enforceable against CHA, and ordered the defendants and their agents to follow the provisions of the circulars. On December 3, 1973, the defendants moved to amend the District Court's order to make additional findings of fact with reference to Count I of the complaint and to enter judgment upon that count, or, in the alternative, to amend the order as permitted by 28 U.S.C. § 1292(b) to include a statement that the question of whether there is a conflict between Illinois law and the grievance procedure contained in the circulars was a controlling question of law as to which there was substantial ground for difference of opinion, decision of which might materially advance the ultimate termination of the litigation. The District Court denied this motion. Defendants then appealed from the order of November 21, 1973.
 
 
 3
 We must first determine whether we are reviewing a final judgment or a preliminary injunction order. The District Court's order required only that defendants and their agents comply with Circulars 6, 8 and 9. The court did not rule on other prayers for relief in Count II. These include requests for a declaration that CHA's standard Dwelling Lease (which, we are advised, has been amended during the pendency of the case) violated the United States Housing Act of 1937, 42 U.S.C. § 1401 et seq., or regulations issued thereunder, and for a declaration "that any action taken or about to be taken by defendants against the plaintiffs ... other than pursuant to the requirements of" Circulars 6, 8, and 9 is "null and void and unenforceable." To rule on the latter request the court would have been required to adjudicate the legality of past actions, which it did not attempt to do. When the court does rule on that request it will presumably specify the past actions that were violative of the circulars.
 
 
 4
 Count I, which alleges violation of plaintiffs' due process rights, has not been ruled on by the District Court. Although this count is based on the same factual allegations and seeks essentially the same relief as Count II, the court refused to grant summary judgment on the count or to dismiss it, and plaintiffs have not withdrawn it despite defendants' motion to amend the order of November 21, 1973, to include disposition of Count I.
 
 
 5
 In view of the foregoing, it cannot be said that the order leaves nothing to be done in the case except to superintend, ministerially, execution of the judgment. Accordingly, the order is not a final judgment. See, e. g., Johns Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 88, 42 S.Ct. 196, 66 L.Ed. 475 (1921); First National Bank in Dodge City v. Johnson County National Bank & Trust Co., 331 F.2d 325, 327 (10th Cir.1964).
 
 
 6
 It is also to be noted that the order appealed from deals with matters other than permanent or final relief. It not only grants summary judgment as to Count II and orders defendants to comply with the circulars but denies defendants' motion to dismiss pursuant to Rule 12(b) and their motion to strike affidavits and also denies plaintiffs' request that the action be maintained as a class action. The record on appeal indicates that no separate document setting forth a judgment was ever filed. Rule 58, Fed.R.Civ.P., provides: "Every judgment shall be set forth on a separate document." Nor was a separate judgment recorded on the civil docket. See Rule 79(a), Fed.R.Civ.P. Failure to observe the separate-document requirement, which is designed to make certain the matter of appealability, see United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232-233, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958); 9 J. Moore, Federal Practice, P 110.08(2) (2d ed.1973), is at the very least a reason for resolving any doubts against finality.
 
 
 7
 Further confirmation, if any were needed, of our conclusion that the order before us is not a final judgment may be found in defendants' motion to amend the order to include a certification under 28 U.S.C. § 1292(b) of the question whether or not Illinois law and the grievance procedure contained in Circulars 6, 8, and 9 were in conflict. While the District Court's refusal, without explanation, may be ambiguous, the filing of the motion indicates that defendants considered certification a prerequisite to appealability.
 
 
 8
 Two consequences follow from the status of the order under review as an interlocutory order granting a preliminary injunction: First, except to the extent that our judgment may operate as a constraint, the District Court retains the power to modify the terms of the order, and may, in framing its final decree, take into account any change in circumstances, such as use of a different dwelling lease by the CHA or modifications of Circulars 6, 8, and 9, which has taken place since the entry of the order. See Marconi Wireless Telegraph Co. v. United States, 320 U.S. 1, 47, 63 S.Ct. 1393, 87 L.Ed. 1731 (1943); Fidelity Trust Co. v. Board of Education, 174 F.2d 642, 645 (7th Cir.1949). Second, our review is limited to a determination of whether the District Court abused its discretion in issuing the injunction, which must be regarded as interlocutory. United States v. Corrick, 298 U.S. 435, 437-438, 56 S.Ct. 829, 80 L.Ed. 1263 (1936). We turn now to that review.
 
 
 9
 Defendants challenge the plaintiffs' standing to bring the action. To decide whether any of the seven named plaintiffs have standing, we must consider whether they are injured in fact by the actions of which they complain and whether their interests are arguably within the zone of interests to be protected by the Housing Act of 1937, supra, under the authority of which HUD issued the circulars. Sierra Club v. Morton, 405 U.S. 727, 733, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). Turning first to the latter test, since all the individual plaintiffs were tenants in public housing at the time the complaint was filed, their interests are within the zone of interests protected by the Act. It is unnecessary for present purposes to determine whether that is also true of the Chicago Housing Tenants Organization.
 
 
 10
 The injury-in-fact requirement is also satisfied. Several of the six individual plaintiffs have sufficiently alleged that they were injured in fact by the defendants' actions:
 
 
 11
 Plaintiff Cowan asked to be transferred from her present apartment to another apartment for health reasons. Her request was denied without written reason, and she has been unable to obtain a review of the decision. She is harmed by the defendant's failure to initiate the grievance procedure required by the circulars.
 
 
 12
 Plaintiffs Cannon, Jamison, and Thompson allege unsafe and unsanitary conditions in the buildings they live in and refusal by CHA to remedy those conditions; they allege that CHA has terminated services in those buildings; and they allege that CHA has refused to afford plaintiffs with a forum to challenge the legality of these actions. Defendants argue that, since these plaintiffs have failed to state in their affidavits that they gave defendants written notice of the unsafe and unsanitary conditions in compliance with the terms of their leases, they do not have standing to object to the failure of defendants to implement the procedures contained in the circulars. Since federal law protecting plaintiffs' interests has supremacy and we are reviewing only a preliminary injunction, we need only determine, as we do, that these three plaintiffs have sufficiently alleged facts upon which the court will probably determine that their interests have suffered injury in fact.
 
 
 13
 Plaintiff Gilbert alleges that she has been harmed by an assessment against her of charges for fire damage to her apartment and for costs incurred by CHA in a forcible entry and detainer suit against her, without a hearing on the validity of the charges. Defendants urge that, since the assessment has been rescinded, her claim is moot. No factual allegations concerning plaintiff Bennett were made other than that she is a CHA tenant. We need not determine whether these two plaintiffs have standing and leave that determination to the District Court.
 
 
 14
 Turning to the merits of the case, we hold that there is sufficient probability that at least some of the plaintiffs will ultimately succeed to warrant the issuance of a preliminary injunction. The decision in Housing Authority of City of Omaha v. United States Housing Authority, 468 F.2d 1 (8th Cir.1972), cert. denied, 410 U.S. 927, 93 S.Ct. 1360, 35 L.Ed.2d 588 (1973), and the subsequent District Court order in that case already bind the CHA to comply with the requirements of Circulars 8 and 9, CHA having been a member of the (b)(2) class (Rule 23(b)(2), Fed.R.Civ.P.) represented by plaintiffs in that action. Research Corp. v. Asgrow Seed Co., 425 F.2d 1059, 1060 (7th Cir.1970). This court and the Fifth Circuit have also held Circular 9 to be within HUD's rulemaking authority and enforceable against a local housing authority. Brown v. Housing Authority of City of Milwaukee, 471 F.2d 63, 67 (7th Cir.1972); Glover v. Housing Authority of City of Bessemer, 444 F.2d 158, 161-162 (5th Cir.1971). The Supreme Court held in Thorpe v. Housing Authority of City of Durham, 393 U.S. 268, 274-281, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969), that the predecessor of Circular 9 was valid and also that it was mandatory and not merely advisory. Although none of these decisions involved Circular 6, the reasoning of the courts in the cases cited above indicates that probably the plaintiffs will ultimately succeed in having that circular enforced as well.
 
 
 15
 The rights plaintiffs assert are important and would have been subjected to irreparable harm had interlocutory relief been denied. Since defendants are legally bound by the judgment in the Omaha case in any event, no appreciable additional burden is imposed by the interlocutory injunction here. The District Court did not abuse its discretion in granting preliminary injunctive relief.
 
 
 16
 Affirmed.
 
 
 
 *
 This opinion was originally filed as an unpublished order under our Circuit Rule 28 on February 13, 1975 and was ordered published as a signed opinion, with revisions of form, on March 4, 1975
 
 
 **
 Senior Circuit Judge Stanley N. Barnes of the United States Court of Appeals for the Ninth Circuit is sitting by designation