**JOSEPH FONTAINE, Plaintiff**

**v.**

**HESS OIL VIRGIN ISLANDS CORPORATION, WEATHERFORD INTERNATIONAL, INC., and GARDNER DENVER WATER JETTING SYSTEMS, INC., Defendants**

Civ. No. 213/1998

Territorial Court Of The Virgin Islands

Division of St. Croix

June 1, 2000

Lee J. Rohn, Esq., *Law Offices of Lee J. Rohn, U.S.V.I., for Plaintiff*

Carl A. Beckstedt III, Esq., *Bryant, Barnes and Simpson, P.C., U.S.V.I., for Defendant*

Bruce P. Bennett, Esq., *Hunter, Colianni, Cole & Bennett, U.S.V.I., for Defendant*

Michael J. Sanford, Esq., *Sanford, Amerling & Associates, for Defendant*

CABRET, *Judge*

#### MEMORANDUM OPINION

This matter is before the Court on Defendant Hess Oil Virgin Islands Corporation's ("HOVIC") Motion for Reconsideration of the Court's Order Compelling Discovery. For reasons which follow, the Court will deny the motion.

117

## I. FACTS AND PROCEDURAL HISTORY

The record shows that on November 15, 1999, the Court entered an Order granting Plaintiff, Joseph Fontaine's Motion to Compel HOVIC to respond to certain discovery requests. In its Order, the Court required HOVIC to serve interrogatory responses within ten days of the Court's Order. On March 8, 2000, HOVIC filed the instant Motion for Reconsideration asserting legal error in the Court's Order. Fontaine opposed HOVIC's motion arguing that it is a motion to alter or amend a judgment which, under Federal Rule of Civil Procedure 59(e), must be filed no later than ten days after entry of the judgment. HOVIC replied that the Court should consider the motion under Federal Rule of Civil Procedure 60(b), which only requires that the motion be filed within a reasonable time. HOVIC further contends that even if the motion is subject to the 10-day time limit imposed by Rule 59(e), the Court has authority to enlarge that time period under Territorial Court Rule 10(a)(2), which permits an extension "if the failure to act was the result of excusable neglect." HOVIC asserts that its delay in filing the motion was excusable because of "the lack of precedent establishing that the motion was to be treated as a Federal Rule 59(e) motion in the Territorial Court."[1]

## II. DISCUSSION

■ Both parties are mistaken about the authority which governs HOVIC's motion. Neither Rule 59(e) nor Rule 60(b) control. Instead, the Court reconsiders interlocutory orders such as the instant discovery order under its inherent powers. *See United States v. Jerry*, 487 F.2d 600, 604-605 (3d Cir. 1973). In characterizing this power, the Supreme Court has stated: "If an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be employed and a revision be otherwise consonant with equity." *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 90-91, 42 S.Ct. 196, 199, 75 L.Ed. 354 (1922).

A trial Court's inherent power to reconsider its interlocutory orders is also addressed in the Advisory Committee Notes to Rule

---

[1] HOVIC's Reply Brief at 3.

60(b) of the Federal Rules of Civil Procedure. In discussing the 1946 amendments to the Rule, which eliminated interlocutory orders from its scope, *see Jerry*, 487 F.2d at 605, n. 9, the Advisory Committee stated:

> The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

Fed. R. Civ. P. 60 Advisory Committee's note on 1946 amendment to subdivision (b).

■ Although a trial court maintains jurisdiction to reconsider interlocutory orders until it enters a final decree in the case, as stated above, a party must exercise due diligence in moving for relief.[2] *See John Simmons*, 42 S.Ct. at 199. Due diligence is defined as

> Such a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case.

Black's Law Dictionary, 411 (5th ed. 1979). *See also Beauty Time, Inc. v. Vu Skin Sys., Inc.*, 118 F.3d 140, 144 (3d Cir. 1997) (quoting Black's Law Dictionary in defining "reasonable diligence" as "'A fair, proper and due degree of care and acting, measured with reference to the particular circumstances; such diligence, care, or attention as might be expected from a man of ordinary prudence and activity.'").

HOVIC has not exercised due diligence in filing the instant motion for reconsideration. HOVIC filed its motion 114 days after the Court issued its Order. HOVIC's sole explanation for the delay

---

[2] Many jurisdictions have local rules which require a party to move for reconsideration within ten days. *See, e.g., Rottmund v. Continental Assur. Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa. 1992) (citing U.S.D.C.E.D.Pa.Local R. Civ. P. 20 (g)).

is that it "was the result of excusable neglect, namely the lack of precedent establishing that the motion was to be treated as a Federal Rule 59(e) motion in the Territorial Court."[3] This does not explain, however, why HOVIC waited so long to file its motion. Considering that the Court ordered HOVIC to serve interrogatory responses within ten days of the date the Order was entered, it was unreasonable to wait approximately three and one-half months to challenge the Order. If HOVIC was unclear about the time limitations to move for reconsideration, diligence dictated research and a timely motion, not idleness. Waiting 114 days to request relief under these circumstances exhibits a lack of due diligence. *See General Contracting & Trading v. Interpole, Inc.*, 899 F.2d 109, 112 (1st Cir. 1990) (characterized three and one-half month delay between discovery of default and asking court for relief as a lack of due diligence).

Furthermore, HOVIC is not entitled to an enlargement of time due to its purported "excusable neglect." Assuming without deciding that Territorial Court Rule 10 applies to these circumstances,[4] the Court believes that HOVIC's failure to act was not the result of excusable neglect. Historically, courts adhered to a firm rule that "'the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules. And that rule applied with equal force to a party's failure to comply with a local rule of court.'" *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (citation omitted). However, in *Pioneer Inv. Services Co. v. Brunswick Assoc.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74) (1993), the Supreme Court "'established a more liberal standard for determining whether there had been 'excusable neglect.'"" *Canfield*, 127 F.3d at 250.

> In Pioneer, the Court said that the determination of excusable neglect,

---

[3] HOVIC's Reply Brief at 3

[4] n4 Rule 10 applies "when an act is required or allowed to be done at or within a specified time[.]" Terr. Ct. R. 10. Here, HOVIC was not required to move for reconsideration within a specified time, but rather exercise due diligence in requesting relief.

120

is at bottom an equitable one, taking account of all relevant circumstances surrounding a party's omission. These include . . . the danger of prejudice [to the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 113 S.Ct. at 1498 (footnotes omitted).

Upon considering all the circumstances of this case, the Court finds HOVIC's failure to exercise due diligence was inexcusable. The Court notes that although HOVIC argues that it would be entitled to an enlargement of time under Territorial Court Rule 10, it never actually moved for an enlargement of time under the Rule. Furthermore, HOVIC's mistaken reliance on Rule 60(b) was unreasonable. The language of Rule 60(b) plainly states that it applies only to "final" orders. See Fed. R. Civ. P. 60(b). If HOVIC was confused by this language, it could easily have referred to the Advisory Committee notes which emphasize that "interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed. R. Civ. P. 60 Advisory Committee's note on 1946 amendment to subdivision (b). Thus, the reason for the delay was HOVIC's mistaken application of a clear rule.

Furthermore, such procrastination in seeking interlocutory relief, especially where the Court has compelled the party to respond and imposed a deadline for providing the discovery, would unjustifiably prolong resolution of plaintiff's claims. This is the reason that parties are required to exercise due diligence in moving for reconsideration of interlocutory orders. Litigation is pending, and such motions, where the court has already ruled on the issue, only further delay the proceedings. *See Rottmund*, 813 F.Supp. at 1107. "To be effective, judicial administration must not be leadenfooted." *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940). For this reason, the Territorial Court Rules, including Rule 10, are intended to eliminate unjustifiable delays.

## III. CONCLUSION

For the reasons stated above, the Court will deny HOVIC's Motion for Reconsideration. HOVIC was required to exercise due diligence in filing the motion, and under the circumstances of this case its delay of 114 days did not constitute diligence. Furthermore, HOVIC is not entitled to an enlargement of time due to excusable neglect. HOVIC never moved for an enlargement even if it had, its mistaken reliance on Rule 60(b), under the circumstances here, was not excusable. An appropriate order will issue.