**Basil ZIMZORES a/k/a Bill Zim, Plaintiff-Appellant,**

v.

**VETERANS ADMINISTRATION, et al., Defendants-Appellees.**

No. 85–2245
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1985.

Kosub & Langlois, James A. Kosub, San Antonio, Tex., for plaintiff-appellant.

Helen M. Eversberg, U.S. Atty., Jack B. Moynihan, Asst. U.S. Atty., San Antonio, Tex., for defendants-appellees.

Before POLITZ, GARWOOD, and E. GRADY JOLLY, Circuit Judges.

## OPINION

GARWOOD, Circuit Judge:

Basil Zimzores, plaintiff-appellant in this Federal Tort Claims Act suit for damages for alleged negligent medical misdiagnoses of his condition by the Veterans Administration, appeals the district court's take-nothing judgment rendered against him following a bench trial. Appellant's sole claim on appeal is that the district court erroneously set aside a prior interlocutory summary judgment in his favor on the issue of liability only. Finding this contention to be wholly without merit, we affirm.

### Proceedings Below

Plaintiff filed this suit in 1980, alleging a misdiagnosis of hepatitis in 1947, and a further misdiagnosis in 1964 of Gilbert's syndrome, with a final diagnosis in 1978 of thalassemia. Plaintiff claimed that the 1947 and 1964 misdiagnoses caused him severe depression and related mental illness. The defendants, after filing an answer which, among other things, denied any negligence, moved to dismiss the complaint under Fed.R.Civ.P. 12(b) on the ground that the action was barred by the two-year statute of limitations, 28 U.S.C. § 2401(b). In August 1982, the district court granted this motion and dismissed the suit, the court's action not reflecting that it considered any matters outside of the face of the pleadings. Plaintiff appealed the dismissal, and this Court, in an unpublished opinion issued in July 1983, affirmed in part and reversed in part. We held that the alleged 1947 misdiagnosis was barred by limitations, since the complaint reflected that the plaintiff was informed of this misdiagnosis in 1964, when the diagnosis was changed. However, we held that the Rule 12(b) dismissal as to the alleged 1964 misdiagnosis was improper because the complaint alleged that plaintiff did not learn of the claimed error in his 1964 diagnosis until less than two years before his claim was submitted to the Veterans Administration. We also held in this regard that the complaint did not affirmatively show that plaintiff suffered no damage on account of the alleged 1964 misdiag-

nosis. Accordingly, we remanded the case as to the claim concerning the 1964 diagnosis, stating however, "[W]e do not suggest that the remaining claim may not be proved to be time-barred either upon a proper Rule 56 record or at a trial of the full case or of the limitation issue alone."

Following our remand, the district court entered an order requiring each party to submit a motion for summary judgment. Each party did so, the defendants' motion being based in part on the contention that the plaintiff's deposition showed that he suffered no damages as a result of the 1964 and 1978 diagnoses. Thereafter, by order dated October 18, 1983, the district court granted plaintiff's motion for summary judgment as to the issue of liability, overruled it as to the issue of damages, and ordered that the case be set for trial on the issue of damages. On October 28, 1983, the defendants filed a motion for reconsideration of this order pointing out, among other things, that there was a genuine issue of material fact as to whether there was any negligence. By order dated December 15, 1983, the district court denied the defendants' motion for reconsideration. On February 8, 1984, the defendants filed a notice of appeal from the latter order. On February 27, 1984, realizing that the order in question was interlocutory and not appealable, the defendants moved to dismiss the appeal, and it was accordingly dismissed on March 8, 1984. In the interim, the district judge previously handling the case resigned his office, and the case was accordingly assigned to another district judge. On April 24, 1984, the defendants moved the district court, purportedly pursuant to Fed.R.Civ.P. 60(b), to vacate its orders of October 18, 1983, and December 15, 1983, asserting that those orders had been based on the district court's misconception that the defendants had admitted liability. On July 27, 1984, the district judge to whom the case had been reassigned granted the defendants' motion to vacate the October 18, and December 15, 1983, orders, stating that "[t]his Court believes that a summary judgment on liability

in a tort case should be granted in only rare situations. This is not one of those situations."

Several months later, the district court set the case for trial, and after hearing the evidence made findings of fact and conclusions of law adverse to the plaintiff, and rendered judgment dismissing the suit. The court found, among other things, that "[p]laintiff was not misdiagnosed or mismanaged in 1964 or 1978," that "[t]he failure to diagnose thalassemia minor in 1964 was not negligent," and that "[n]either the diagnosis of Gilbert's syndrome in 1964 nor the diagnosis of thalassemia minor in 1978 proximately caused plaintiff's mental condition." No question is raised concerning the sufficiency of the evidence to support these findings, nor is it claimed that the findings do not properly support the judgment dismissing the complaint.

### Discussion

As indicated, appellant's sole complaint is of the July 1984 order setting aside the previous summary judgment in his favor on the issue of liability only. The sole ground for complaint respecting this order is that the defendants did not meet their burden under Fed.R.Civ.P. 60(b) to entitle them to such relief. Appellant asserts that Rule 60(b) relief is "extraordinary" and available "only by showing exceptional circumstances." Defendants-appellees respond by urging that they made an adequate showing to justify relief under Rule 60(b). Unfortunately, these contentions largely miss the point.

The complained of July 1984 order is not (and indeed does not expressly purport to be) one based on Rule 60(b). By its own terms, Rule 60(b) is limited to relief from a "final" judgment or order. "Interlocutory orders and judgments are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires." 7 Moore's *Federal Practice* ¶ 60.20 at 60–170 (2d ed. 1985). As we stated in *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970), "an interlocutory order" is "not sub-

ject to being vacated under Rule 60(b)," but "because the order was interlocutory, 'the court at any time before final decree [could] modify or rescind it.' *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88, 42 S.Ct. 196, 198, 66 L.Ed. 475 (1922)."

Here the summary judgment on the issue of liability alone was plainly interlocutory. Rule 56(c), Fed.R.Civ.P., expressly refers to such a summary judgment as being "interlocutory in character." Such a "judgment" is not final or appealable. 6 Part 2 Moore's *Federal Practice* ¶ 56.20[4], at 56–1234, 56–1235. "Partial summary judgments ... are interlocutory in character, and they do not terminate the action. Rather, they remain subject to being revised, modified or vacated by the trial court." *Id.* ¶ 56.26–1 at 56–1550 (footnotes omitted). *See also Bon Air Hotel*, 426 F.2d at 862; *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir.1970); *Eastern Air Lines, Inc. v. Atlantic Richfield Co.*, 712 F.2d 1402, 1405 (Temp.Emer.Ct.App.), *cert. denied*, 464 U.S. 915, 104 S.Ct. 278, 78 L.Ed.2d 258 (1983). While this case is not one within Fed.R.Civ.P. 54(b), we nevertheless note its analogous provision that where the certificate therein authorized is not made, the order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Indeed, it is plain that pending an appealable judgment the district court must retain the power, unburdened by the requirements of Rule 60(b), to revise or vacate its interlocutory orders such as the present grant of summary judgment on liability alone. Such orders, being nonappealable when entered, are of course subject to appellate review following final judgment. If the district court determines that it has erred in such an interlocutory order, it would be a waste of judicial resources to force it to perpetuate such error through a trial on the remaining issues, even though it believed the ultimate judgment would have to be reversed on appeal.

The standard for reviewing the vacation of an interlocutory order is hence not whether the stringent Rule 60(b) requirements are met, but is rather whether the district court abused its discretion. *Bon Air Hotel,* 426 F.2d at 862 ("we do not find that the court abused its discretion"); *Desert Gold Mining Co.,* 433 F.2d at 715 ("whether or not the action taken was a proper exercise of judicial discretion"); *Eastern Air Lines,* 712 F.2d at 1405 (whether judge "properly exercised his judgment and discretion"). Moreover, in the present context it is particularly difficult to understand how the ends either of justice or of orderly procedure would be furthered were we to hold that the plaintiff is entitled to summary judgment when the facts adduced at the full trial on the merits adequately support the findings and judgment for defendants. For this reason, we normally do not review the denial of a motion for summary judgment which is followed by a full trial on the merits, the judgment being based on the latter. *See Wells v. Hico Independent School District,* 736 F.2d 243, 251 n. 9 (5th Cir.1984).

■ Here it is in any event clear that the July 1984 order was not an abuse of discretion. The movant for summary judgment has the burden to show that there is no genuine issue of any material fact, and all reasonable factual inferences from the record are to be indulged in favor of the nonmoving party. *See Galindo v. Precision American Corp.,* 754 F.2d 1212, 1216 (5th Cir.1985). Even where the historical facts are undisputed, it is extremely rare that the issue of negligence can properly be disposed of by summary judgment. *See Davidson v. Stanadyne, Inc.,* 718 F.2d 1334, 1338–39 (5th Cir.1983). The district court here particularly noted that principle in setting aside the earlier partial summary judgment. The defendants never admitted negligence, and it is obvious that their earlier motions, though addressing only limitations and damages, did not even inferentially admit negligence. In defendants' October 1983 motion for reconsideration, specific summary judgment evidence showing no negligence was submitted. Moreover, we note that the district judge, following trial on the merits, found, just as defendants had contended in their September 1983 motion for summary judgment, that neither the 1964 nor the 1978 diagnosis was a cause of plaintiff's difficulties.

### Conclusion

We conclude that the district court did not abuse its discretion in setting aside the earlier partial summary judgment, and that its action in doing so presents no reversible error. There being no other complaint of the judgment below, it is accordingly affirmed.

AFFIRMED.