## TOC RETAIL, INC.

v.

## GULF COAST OIL CO., et al.

### Civ. A. No. 94–1949.

United States District Court,
E.D. Louisiana.

July 19, 1995.

Regina Carol Scotto Wedig, Alvin Joseph Bordelon, Jr., Bordelon, Hamlin & Theriot, New Orleans, LA, Donald Edward Theriot, New Orleans, LA, for Toc Retail, Inc., Tenneco Oil Co., American Gaming Corp., AM-GAM Associates.

Nathan T. Gisclair, Jr., Brian Thomas Leftwich, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA,

7. The Defendant was convicted of violating § 922(g) by a jury on July 19, 1995.

for Vincent Paciera, The Lena Lee Romaguera Trust, Vincent Paciera, Jr., Kirth M. Paciera, Lena P. Romaguera.

Nathan T. Gisclair, Jr., Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, LA, for Lena (Lee) P. Romaguera Trust No. 3.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is a "Motion to Reconsider Order and Reasons Granting Defendants' Motion for Partial Summary Judgment" filed by plaintiff TOC Retail, Inc. The matter was submitted on a previous date without oral argument. Having reviewed the memoranda of the parties, the applicable law and the record, the Court DENIES the motion for reconsideration.

### Background

The Court will not reiterate the factual and procedural background of this case, which was set forth at length in the Court's "Order and Reasons" dated April 28, 1995,[1] granting the motion for partial summary judgment of defendants and denying the motion for partial summary judgment of plaintiff.

In that "Order and Reasons" the Court concluded that the parking lot for which the property is presently being used "is not similar or even closely related to the use of the premises as either a service station or convenience store, or both."[2] Further, because the service station had been demolished, the site had lost its non-conforming use status under the applicable zoning ordinance, thereby injuring plaintiffs.[3] Thus, under applicable Mississippi law, the defendants were entitled to partial summary judgment on their claim of breach of the lease.[4]

Plaintiff then filed the instant motion, contending that the Court erred in three respects:

(1) in construing Article III of the lease as restricting plaintiff's or its successor's use of the leased premises as a service station;

(2) in construing Article III of the lease as requiring plaintiff to continuously operate a retail gasoline service station on the leased premises; and,

(3) in holding plaintiff accountable for loss of the permitted non-conforming use under a zoning ordinance passed approximately twenty years after the lease was entered into.

Plaintiff also contends that the Court's decision is not based on any interpretation of the lease advanced by defendants and that such an interpretation is not contemplated by the law. Similarly, plaintiff contends that the Court decided the case on issues neither argued nor briefed.

Defendants' opposition is brief, arguing that plaintiff raises no new legal issues and that the issues have been briefed thoroughly on consideration of the cross-motions for partial summary judgment.

### Law and Application

■ The order granting partial summary judgment in this matter was interlocutory in nature as it determined liability alone. Fed. R.Civ.P. 56(c).[5] Thus, it is within the Court's discretion whether to reconsider, or, as plaintiff seeks, to vacate or revise its order. *See Zimzores v. Veterans Administration,* 778 F.2d 264, 266–67 (5th Cir.1985). *See also* Fed.R.Civ.P. 54(b) (any order upon which judgment is not entered "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties").

In the present matter, the Court has reviewed the arguments made by plaintiff and, for the following reasons, chooses not to exercise its discretion to reconsider its previous order.

■ As indicated, plaintiff first argues that the Court construed Article III of the

---

1. R.Doc. 36.

2. *Id.* at 14.

3. *Id.*

4. *Id.* at 14–15.

5. "A summary judgment, interlocutory in nature, may be rendered on the issue of liability alone although there is a genuine issue of material fact as to the amount of damages." Fed.R.Civ.P. 56(c).

lease as requiring plaintiff to operate the leased premises as a retail service station. This contention misconstrues the Court's determination. As the Court explained, the question under applicable Mississippi law is whether the parking lot constituted a "use[ ] similar or related to the general scope of the described use" in Article III of the lease which is not injurious to the landlord. *Ewing v. Adams*, 573 So.2d 1364, 1369–70 (Miss. 1990), *quoting Bevy's Dry Cleaners and Shirt Laundry, Inc. v. Streble*, 2 Ohio St.2d 250, 31 O.O.2d 507, 208 N.E.2d 528 (1965).[6] The Court found, based upon the stipulated facts, that the present use as a parking lot is not similar or related to the general scope of the described use as set forth in the lease. The Court's decision is in accord with the teaching of *Ewing* and the language of the lease. The Court did not construe Article III of the lease as restricting the use of the premises to a service station.

As to this first contention, plaintiff also argues that the "use" clause in *Ewing* was materially different than that of Article III and, as a result, this Court erred. Notwithstanding the lease language in *Ewing*, the law set forth by the Mississippi Supreme Court remains the same. The Court applied that law to the present facts and found that plaintiff had breached the lease.[7]

■ Plaintiff's second argument is that under the Court's ruling, in order to maintain the non-conforming use under the zoning ordinance, plaintiff would have to continuously use and occupy the leased premises for the sole purpose of running a retail service station. However, the Court made no such ruling. As noted, the Court determined that the parking lot was not a "similar or even closely related" use of the premises to that set forth in the lease. This is far different from a determination that plaintiff would have to continuously use and occupy the premises as service station in order to maintain the premises as a non-conforming use under the applicable zoning regulations.

Further, the plaintiff confuses the issue of non-conforming use with the issue of similarity. Under *Ewing*, even had the Court found that the parking lot constituted a "similar use," the Court would still have had to reach the issue of whether defendants were injured, which relates to the zoning issue.[8]

■ The Court's determination also does not conflict with the legal proposition that, absent a specific provision in the lease, there is no obligation of continued use of the premises.[9] However, this is not a case of abandonment. Instead, it is a case of continued—but different—use.

■ Plaintiff's third argument is that the rights between lessor and lessee should not be affected by the potential loss of non-conforming use under a zoning ordinance passed many years after the lease had been entered into. It is true that the intentions of the parties at the time a lease is entered into govern its interpretation and that the intentions of the parties are ascertained from the terms of the lease where unambiguous. *See Sharpsburg Farms, Inc. v. Williams*, 363 So.2d 1350, 1354 (Miss.1978).

■ However, the effect of the zoning ordinance is relevant to the issue of injury sustained by defendants, not the issue of similarity or dissimilarity. As a result, this

6. Article III of the lease states: "Said premises are leased for the purpose of the sale and storage thereon of gasoline, petroleum and petroleum products, as well as a general merchandising business, and at Lessee's option for the conduct of other lawful business thereon." (Exh. B, R.Doc. 23.)

7. Indeed, the Mississippi Supreme Court did not even reach a decision on the mertis in *Ewing* but remanded the case for further proceedings in accord with its opinion. *Ewing*, 573 So.2d at 1370.

8. Plaintiff's hypothetical argument to the effect that under the Court's decision even had plaintiff continued to operate the premises as a convenience store it would have violated the lease also fails because a convenience store is a specific, approved use of the premises under the lease. If plaintiff's hypothetical had been fact, then the Court's decision may have been different. However, the facts clearly show that a parking lot exists now on the premises, not a convenience store. R.Doc. 23.

9. *See Security Builders, Inc. v. Southwest Drug Company, Inc.*, 244 Miss. 877, 882, 147 So.2d 635, 637 (Miss.1962).

finding also does not conflict with the legal proposition relative to use and occupancy.

Finally, the Court addresses plaintiff's contention that the Court decided this case on issues not raised by the parties and/or at no time advanced by defendants.

Defendants sought partial summary judgment in this matter on their claim of breach of contract. One of defendants' arguments in support of summary judgment was that the lease contract was breached by use of the leased premises for a purpose other than intended in the lease.[10] In support of that argument, the defendants specifically cited and quoted the applicable portion of *Ewing* on which the Court relied and made the argument that use of the premises as a parking lot is not similar to that set forth in Article III of the lease.[11] Clearly, the issue was raised and briefed by defendants. Plaintiff's final argument has no basis and borders on speciousness.

In conclusion, the Court will not exercise its discretion to reconsider and/or vacate its previous order granting partial summary judgment in favor of defendants and denying partial summary judgment in favor of plaintiff.

Accordingly,

IT IS ORDERED that the "Motion to Reconsider Order and Reasons Granting Defendants' Motion for Partial Summary Judgment" filed by TOC Retail, Inc., is DENIED.

---

10. Memorandum in support of motion for partial summary judgment, p. 4–5. (R.Doc. 22.)

