### INSURANCE COMPANY OF NORTH AMERICA

v.

### PUERTO RICO MARINE MANAGEMENT, INC., et al.

#### Civ. A. No. 93–1379.

United States District Court,
E.D. Louisiana.

Oct. 31, 1995.

---

James J. Morrison, Jr., James J. Morrison, Jr., PLC, New Orleans, LA, for plaintiff.

James Robert Silverstein, Edward F. Kohnke, IV, Frilot, Partridge, et al., New Orleans, LA, for Puerto Rico Marine Management, Inc.

Charles R. Capdeville, Law Offices of Charles R. Capdeville, Metairie, LA, for Klinge Corporation.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is a "Motion For Reconsideration" filed by defendant Puerto Rico Marine Management, Inc., of the Court's earlier ruling denying defendant's "Motion to Substitute Counsel of Record." (R.Doc. 172.) The instant motion was taken under submission on a previous date without oral argument. Having reviewed the memoranda of the parties, the record and the applicable law, the Court DENIES the motion.

### Background

As set forth in the earlier ruling, plaintiffs in these consolidated matters filed suit against three defendants, Puerto Rico Marine Management, Inc. (hereinafter "Puerto Rico Marine"), Klinge Corporation (hereinafter "Klinge") and the Copeland Corporation (hereinafter "Copeland"), seeking damages as a result of personal injuries which plaintiff Carl Coste allegedly sustained in a work-related accident in April 1992.

The matter proceeded to trial before a jury, but the Court declared a mistrial after plaintiff Carl Coste fell while leaving the witness stand following completion of his testimony. (C.A. No. 93–1379, R.Doc. 154.) Prior to the mistrial, however, and during trial, plaintiffs dismissed any claims that they had against Copeland with prejudice. *Id.,* R.Doc. 153.

In its earlier motion, Puerto Rico Marine sought to substitute as its counsel the former counsel for Copeland. The Court denied the motion on the basis that Copeland's counsel gained confidential information from plaintiffs in a meeting between Copeland's expert and counsel for plaintiff Insurance Company of North America (hereinafter "INA") following Copeland's dismissal from the lawsuit. (R.Doc. 172.) Therefore, pursuant to *Wilson P. Abraham Construction Corp. v. Armco Steel Corporation,* 559 F.2d 250 (5th Cir. 1977), Copeland's counsel could not reenter this lawsuit as counsel for Puerto Rico Marine. *Id.*

In the present motion Puerto Rico Marine seeks reconsideration of that ruling on the basis of an affidavit by Copeland's former counsel that, contrary to the Court's finding, "no 'trial strategies' or 'secrets' were exchanged between" counsel for INA, Copeland's former counsel and Copeland's expert during the meeting at issue. (Puerto Rico Marine's memorandum in support, R.Doc. 173, p. 1 and Exh. A attached thereto.) Puerto Rico Marine also filed an affidavit from Copeland's expert which states, in pertinent part, that the expert attended a meeting with Copeland's counsel and INA's counsel, the purpose of which was for INA's counsel "to interview [the expert] in order to discuss his opinions about the case and, in particular, the design of the refrigerated container in question and how the sight glass may have been cracked." (Attachment to R.Doc. 175.)

In opposition, plaintiffs filed another affidavit from INA's counsel, which states, in pertinent part:

1. [T]he discussions of [Copeland's expert's] potential testimony did not consist of a sterile question and answer [sic] session by the undersigned and [the expert] and a sterile announcement by the undersigned that [the expert] would not be used.

2. The meeting ... lasted for approximately 30 minutes and consisted of a general discussion between [Copeland's counsel, the expert] and the undersigned about the nature and areas of [the expert's] potential testimony.

3. During that general discussion, a problem area in [the expert's] testimony as it related to plaintiff/intervenor's case arose which was delved into with [the expert] by both [Copeland's counsel] and affiant.

4. When the undersigned counsel made the decision to not call [the expert] that decision was not made and announced in a sterile way. To the contrary [Copeland's counsel] was informed that the problem area out weighed [sic] the favorable testimony of [the expert] and that as a result, [the expert] could return home.

(Attachment to plaintiffs' memorandum in opposition, R.Doc. 176.)

### Law and Application

■ While the parties have not cited the standard of review by which this Court must determine whether to grant the motion to reconsider, the Court notes that in the context of a motion for reconsideration following a granting of summary judgment, the Court must exercise its discretion according to the applicable rule of the Federal Rules of Civil Procedure. *See Lavespere v. Niagara Machine & Tool Works,* 910 F.2d 167, 173 (5th Cir.1990). Depending on which rule applies, the Court's discretion may be limited, but the decision to reconsider still remains generally within the discretion of the court. *Id. Cf. Zimzores v. Veterans Administration,* 778 F.2d 264, 266 (5th Cir.1985) (partial summary judgment may be revised at any time). Extrapolating from *Lavespere,* the Court finds that it is within its discretion as to whether or not to reconsider its earlier ruling on the motion to substitute counsel.

■ Having reviewed the positions of the parties, however, the Court chooses not to exercise its discretion. Puerto Rico Marine's argument is based on conclusory, general statements in affidavits from Copeland's former counsel and its expert that INA's counsel never disclosed any confidential trial strategies during the meeting at issue. However, the affidavit from INA's counsel provides details—although necessarily limited in description in order to avoid disclosure to Puerto Rico Marine—that support plaintiffs' position that confidential information was passed on to Copeland's former counsel. The affidavit states that a problem area in the expert's testimony "as it related to plaintiff/intervenor's case arose *which was delved into with [the expert] by [Copeland's former counsel] and affiant.*" (Attachment to R.Doc. 176.) (Emphasis added.) Additionally, Copeland's former counsel was "informed that the problem area out weighed [sic] the favorable testimony of" the expert and that he would not be needed as a witness. *Id.*

The Court finds that these specifics clearly outweigh and, at the same time, belie the denials of Copeland's former counsel and its expert that no confidential information was shared at the meeting.

Puerto Rico Marine also argues that plaintiffs' decision to dismiss Copeland was not tied to any agreement that Copeland's counsel would not assist any of the other defendants and that, indeed, Copeland's counsel met with other defense counsel to assist in preparing this defense. However, Puerto Rico Marine misconstrues the instruction of *Abraham, i.e.,* "an attorney who is the recipient of [confidential] information breaches his fiduciary duty if he later, in his representation of another client, is able to use this information to the detriment of one of the co-defendants." *Abraham,* 559 F.2d at 253. Thus, whether or not there was any agreement that Copeland's counsel would not assist any of the other defendants was, and still is, inconsequential to the Court's ruling.

Capsulating the Court's ruling, because Puerto Rico Marine does not question the applicability of *Abraham* and because the Court remains satisfied that Copeland's former counsel was "privy to confidential information," *Abraham,* 559 F.2d at 253, the

Court declines to exercise its discretion and reconsider its earlier ruling. Based upon the record in this matter, the Court holds that its prior ruling denying Puerto Rico Marine's motion to substitute counsel was correctly decided within the precepts of *Abraham*.

Accordingly,

IT IS ORDERED that the "Motion for Reconsideration" filed by Puerto Rico Marine Management, Inc., is DENIED.