Jenetta Thomas appeals from a summary judgment in favor of Ken Strickland, one of multiple defendants. At issue is whether, in a case involving multiple defendants, the trial court abused its discretion in not considering newly-submitted evidence from a plaintiff after that court has entered a summary judgment for one defendant, but has not certified that judgment as final, pursuant to Rule 54(b), A.R.Civ.P.
The record reveals the following facts: In September 1989, Strickland purchased an automobile, financing the purchase through the Tuscaloosa County Credit Union. In January 1990, Strickland sold the car to Jerry and Margaret Swindle, who subsequently refinanced the debt. In September 1994, the Swindle's son, Jonathan, was driving the automobile and was involved in an accident with a car driven by Thomas. Thomas was injured in this accident, and her daughter was killed.
In November 1994, Thomas sued the Swindles and Strickland, alleging, inter alia, negligence. On February 1, 1995, Strickland filed a motion for summary judgment, asserting that he had sold the automobile to the Swindles four years earlier and that he had had no ownership interest in the car at the time of the accident. Thomas opposed that motion, and on April 3, 1995, the trial court entered a summary judgment in favor of Strickland, but it did not certify that judgment as final. On April 4, 1995, Strickland filed a motion seeking to have the summary judgment made final pursuant to Rule 54(b), A.R.App.P.
Thomas filed a motion styled as one pursuant to Rule 59(e), A.R.Civ.P., and submitted additional evidence to oppose the summary judgment for Strickland. We note however, that at that time, there was no certification of the judgment as final to support a Rule 59 motion. See Rule 54(a), A.R.App.P. Thomas argued that, until the summary judgment was certified as final, she was free to submit newly presented evidence — as opposed to newly discovered evidence. After a hearing, the trial court denied Thomas's motion and certified Strickland's summary judgment as final, pursuant to Rule 54(b), A.R.Civ.P.
It is well established that a partial summary judgment is subject to revision at any time before the entry of a judgment "adjudicating all the parties' claims, rights, and liabilities, under Rule 54(b), A.R.C.P." Simmons Machinery Co. v. M MBrokerage, Inc., 409 So.2d 743, 759 (Ala. 1981). This revision, however, is a matter of discretion for the trial court, and an appellate court will not disturb its judgment absent an abuse of that discretion. Simmons, 409 So.2d 743.
The resolution of this case turns, in part, upon the characterization of the evidence submitted by Thomas in her motion. Thomas contends that she is free to offer newly presented evidence for the trial court's consideration *Page 335 
under a Rule 59(e) motion, and that this newly presented evidence is not subject to the "newly discovered evidence" test articulated in Rule 60, A.R.Civ.P., when the trial court here had entered a summary judgment in favor of Strickland, but had not yet certified that judgment as final. Thomas also contends that, with her motion, she submitted substantial evidence that would preclude the entry of a summary judgment in favor of Strickland.
While the certification of a partial summary judgment pursuant to Rule 54(b), A.R.Civ.P., is critical for purposes of a timely appeal, that is not at issue here, and the question of when the summary judgment for Strickland became final is not relevant to the ultimate resolution of this case. Rule 60(b), A.R.Civ.P., provides that a court may relieve a party or his legal representative from a final judgment, order, or proceeding if the party presents "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Thomas argues that this standard does not apply, because she argues that her motion was filed pursuant to Rule 59, A.R.Civ.P. As previously indicated, Thomas's motion was improperly styled and addressed as one pursuant to Rule 59, A.R.Civ.P., in spite of the fact that no final judgment existed. While technically, the standard for a Rule 59 motion does not apply either, we find caselaw concerning Rule 59 motions to be persuasive authority.
A trial court may not consider newly presented evidence on a Rule 59(e) motion, absent a showing by the party of circumstances that prevented his presenting that evidence to counter that offered in support of the motion for summary judgment. Moore v. Glover, 501 So.2d 1187 (Ala. 1986). The plaintiff in Moore submitted newly presented evidence in a Rule 59(e) motion after the trial court's entry of summary judgment in favor of the defendant. The Supreme Court affirmed the trial court's denial of the post-judgment motion, stating:
 "The trial court correctly denied plaintiff's motion to reconsider, because that motion was not intended to have the trial court reconsider the evidence on which it had based its order granting summary judgment. Rather, plaintiff's motion, with its attached exhibit and affidavit, sought to have the trial court reconsider its grant of summary judgment in light of the new evidence (as opposed to 'newly discovered evidence') belatedly submitted by plaintiff. This is not the purpose of a Rule 59(e) motion. . . . A Rule 59(e) motion does not operate to extend the time for filing affidavits or other material in opposition to a motion for summary judgment."
Moore, 501 So.2d at 1188-89. (Emphasis in original.) Our Supreme Court then spoke of the plaintiff's failure to show good cause for not presenting the evidence initially:
 "Clearly, however, had plaintiff offered a proper explanation for his failure to offer that additional evidence in response to defendant's motion for summary judgment, the trial court could have considered it in deciding whether to amend or vacate its entry of summary judgment."
Moore, 501, So.2d at 1189. This principle includes the submission of a new legal argument within a post-judgment motion. See Green Tree Acceptance, Inc. v. Blalock,525 So.2d 1366 (Ala. 1988).
In the instant case, Thomas offered no "explanation for [her] failure to offer that additional evidence in response to [Strickland]'s motion for summary judgment." Moore,501 So.2d at 1189. There is no question that Thomas possessed the evidence at the time of the initial hearing on the motion for summary judgment. The trial court noted in its order that the new evidence was referred to at the initial hearing on the motion for summary judgment, but that it was not presented to the court at that time. Notwithstanding the mischaracterization of Thomas's motion, Thomas has failed to disclose error on appeal, i.e., she has failed to demonstrate that the trial court abused its discretion in ruling on her motion. SeeSimmons Machinery Co., 409 So.2d 743. Accordingly, we must affirm its judgment. As a result of this holding, we pretermit any discussion regarding the sufficiency of the evidence submitted by Thomas in her motion. *Page 336 
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
ROBERTSON, P.J., and MONROE, J., concur.