ROBERTSON, Presiding Judge,
concurring in the result only.
While I disagree with the proposition that the September 10, 1998, and September 11, 1998, motions sought “identical” relief (a position this court rejected in denying the appellee’s motion to dismiss on March 23, 1999), I do not believe the trial court’s August 12, 1998, order to which those motions were addressed was a final judgment. That order specifically left open the specific location of the easement, which was added only by a “nunc pro tunc” order of October 5, 1998; the appellee was directed to provide a legal description for incorporation into. the court’s final judgment. Because the August 12, 1998, order was not a final judgment, the appellants’ motions to alter, amend, or vacate that order, or to afford a new trial, were not postjudgment motions contemplated by Rule 59, Ala.R.Civ.P., and Rule 4(a)(3), Ala.R.App.P., that would toll the time for filing a notice of appeal. See Rheams v. Rheams, 378 So.2d 1125 (Ala.Civ.App.1979); Thomas v. Swindle, 676 So.2d 333 (Ala.Civ.App.1996).
The appellants did not file a post-judgment motion within 30 days after the entry of the October 5, 1998, judgment, nor was their notice of appeal filed within 42 days of that judgment. For this reason, I concur in the result to dismiss.
MONROE, J., concurs.