On a particular occasion in December 1996, Gloria Lanier was a passenger in an automobile driven by Jessie Stockdale. Stockdale was forced to abruptly stop his automobile because an automobile ahead of him in traffic was stalled. Rex Surrett was driving directly behind Stockdale. Surrett noticed that Stockdale appeared to be slowing or stopping because Surrett saw Stockdale's brake lights. Surrett saw that an automobile ahead of Stockdale was stopped in the lane of traffic. Surrett was unable to stop his automobile as quickly as necessary and struck Stockdale's automobile in the rear.
Lanier was injured in the accident, and she sued Surrett, alleging that his negligence had caused the accident. Lanier filed a motion for a partial summary judgment on the issue of liability. Surrett *Page 1188 
opposed the motion, arguing that the issue of negligence should not be decided on a motion for summary judgment because, he argued, a jury could determine that he acted with due care under the circumstances. The trial court entered a partial summary judgment for Lanier on the liability issue. Surrett filed what he styled as a "motion to reconsider" the partial summary judgment, arguing again that the issue of negligence should not be decided on the motion for summary judgment. The trial court did not rule on that motion to reconsider.
The case proceeded to trial, but the court declared a mistrial after Lanier had made her opening argument. After the mistrial, the trial court held a hearing on the motion to reconsider. After the hearing, but before the trial court ruled on his motion, Surrett filed additional deposition testimony in support of his motion.
The trial court set aside the partial summary judgment and set the case for trial. The case was tried; the jury returned a verdict for Surrett, and the trial court entered a judgment on that verdict. Lanier appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to Ala. Code 1975, §12-2-7(6). Lanier argues only that the trial court erred by setting aside the partial summary judgment.
Lanier argues that the trial court erred by revoking the partial summary judgment based on the newly presented evidence offered by Surrett in support of his motion to reconsider and based on what she argues are new legal arguments made by Surrett in that motion. She first points out that "a partial summary judgment is subject to revision at any time before the entry of a [final] judgment." Thomas v. Swindle, 676 So.2d 333, 334
(Ala.Civ.App. 1996). She also notes that the trial court's decision on whether revision is warranted is subject to the deferential abuse-of-discretion standard. Thomas, 676 So.2d at 334.
In her brief, Lanier focuses her argument on her contention that Surrett could not present new evidence in support of his motion to reconsider, without some showing that the evidence was "newly discovered" and could not have been discovered before the court ruled on the motion for summary judgment. SeeMoore v. Glover, 501 So.2d 1187, 1189 (Ala. 1986). However, the rule requiring a showing that the evidence was newly discovered and could not have been discovered in time to be presented before the ruling on the motion for summary judgment applies to a Rule 59(e), Ala.R.Civ.P. motion to alter, amend, or vacate a finaljudgment.
A partial summary judgment on the issue of liability, permitted under Rule 56(c)(3), Ala.R.Civ.P., is not a final judgment, but is instead an interlocutory order. See Rule 56(c)(3) (stating that a summary judgment on the issue of liability alone is interlocutory); see also Zimzores v. Veterans'Admin., 778 F.2d 264, 266 (5th Cir. 1985) (stating that a summary judgment on the issue of liability alone is interlocutory, based on the express reference to the interlocutory character of such an order in Rule 56(c), Fed.R.Civ.P.). An interlocutory order is subject to revision at any time before the court enters a final judgment that disposes of all the issues. See SimmonsMach. Co. v. M M Brokerage, Inc., 409 So.2d 743, 759 (Ala. 1981) (stating that a partial summary judgment is an interlocutory order and as such is "subject to revision at any time before the entry of judgment adjudicating all the parties' claims, rights, and liabilities"); Thomas, 676 So.2d at 334 (same). Because the partial summary judgment was interlocutory, Surrett's motion was not one filed pursuant to Rule 59(e). See Thomas, 676 So.2d at 335; see also Zimzores, 778 F.2d at 266 (stating that a motion to reconsider a partial summary judgment need not meet the requirements of Rule 60(b), Fed.R.Civ.P., because the partial summary judgment is interlocutory in nature and is subject to revision, modification, or vacation *Page 1189 
by the district court "as justice requires").
As the federal circuit court in Zimzores stated:
 "Indeed, it is plain that pending an appealable judgment the [trial] court must retain the power, unburdened by the requirements of Rule 60(b) [or Rule 59(e)], to revise or vacate its interlocutory orders such as the present grant of summary judgment on liability alone. Such orders, being nonappealable when entered, are of course subject to appellate review following final judgment. If the [trial] court determines that it has erred in such an interlocutory order, it would be a waste of judicial resources to force it to perpetuate such error through a trial on the remaining issues, even though it believed the ultimate judgment would have to be reversed on appeal."
Zimzores, 778 F.2d at 266.
Lanier directs this court to the opinion in Thomas. InThomas, this court stated that although a motion to reconsider a partial summary judgment was not a Rule 59(e) motion, the cases determining when new evidence could be considered on a Rule 59 motion were persuasive authority that supported the trial court's decision not to reconsider the partial summary judgment in that case. Id. We need not decide whether Thomas stands for the proposition that a trial court cannot consider newly presented evidence when reconsidering an interlocutory partial summary judgment, however.
Lanier must show that the trial court abused its discretion. She argues extensively that Surrett offered newly presented evidence, but she also argues that he also presented a "new" legal argument in his motion for reconsideration. After reviewing the motion for summary judgment, the response to that motion, and the motion for reconsideration of the partial summary judgment, we conclude that the legal arguments presented to the trial court in the motion to reconsider are not "new," but are simply the same arguments more persuasively presented and supported by citations to better authority. Therefore, because the trial court could have revoked the partial summary judgment because it reconsidered the legal principles applicable to the case, its reliance, if any, on the newly presented evidence was harmless error, if it was error at all. See Rule 45, Ala.R.App.P. Lanier has not shown that the trial court abused its discretion by revoking the partial summary judgment.
AFFIRMED.
Robertson, P.J., and Monroe and Thompson, JJ., concur.
Yates, J., concurs in the result.