CRAWLEY, Judge.
Arthur Swenson, who owns property adjacent to a landfill in St. Clair County, sued Paul D. Jennings, Paul Glenn, and Alvin Minyard, alleging that they were the owners and/or operators of the landfill and asserting claims based upon nuisance, negligence, wantonness, and a violation of the Solid Wastes Disposal Act, § 22-27-1, Ala. Code 1975. The trial court entered a summary judgment in favor of all defendants on all of Swenson’s claims. Swenson appealed to the Alabama Supreme Court, and that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
I.
Jennings, Glenn, and Minyard contend that Swenson’s appeal is untimely because Swenson filed his appeal on September 12, 2000, which was not within 42 days of May *1099 31, 2000, the date on which the circuit court entered a summary judgment for them. In order to explain why their contention is incorrect and why the appeal was timely filed, we will outline the rather lengthy procedural history of this case.
Swenson filed his complaint against Jennings in October 1997. Jennings answered and counterclaimed in November 1997. In March 1998, Swenson amended the complaint to add Glenn and Minyard as defendants. In December 1998, all three defendants moved for a summary judgment. On December 8, 1998, the circuit court set the motions for a hearing on January 5, 1999. Sometime before the hearing, Swenson’s attorney informed opposing counsel that he had a conflict on January 5, that he would not be able to attend the hearing, and that he was requesting a continuance. On the date set for the hearing, the circuit court noted that Swenson had filed no response to the summary-judgment motions; it, therefore, entered a summary judgment for the defendants on Swenson’s .claims. The court’s order specifically noted that Jennings’s counterclaim remained pending.
One week later, on January 12, Swenson filed a motion “For Reconsideration and Opposition to Motion for Summary Judgment.” The circuit court set that motion for a hearing on March 9. On March 9, the court ordered Jennings to produce certain tax records and other documents within 20 days, and it reset the hearing on Swen-son’s motion for April 13. On April 13, Swenson filed what he termed a “Supplement to Objection by Plaintiff to Motions for Summary Judgment by Defendants,” with affidavits attached. The matter was continued several times so that the parties could conduct further discovery. Then, on March 17, 2000, Jennings moved the court to reconsider his motion for a summary judgment (the same motion that had been filed in December 1998, granted on January 5, 1999, and held for reconsideration for 14 months).
Jennings’s March 17 motion referred to an excerpt from the deposition of one Walter Coleman and an affidavit by one Robert Fulton. His motion stated that “[t]he relevant portions of Walter Coleman’s deposition and the affidavit of Robert Fulton [are] attached hereto as ‘Exhibit C.’ ” On March 24, the court set Jennings’s motion for a hearing on May 1, 2000. No one appeared on May 1, and the hearing was reset for May 31. On May 31, 2000, the court entered the following order:
“Motion to reconsider being set this date and attorney for defendants appearing and plaintiff not appearing.
“Motion to reconsider court’s order granting summary judgment is overruled and denied. Court finding that:
“1. This motion is dispositive of all issues dealing with the liability of the defendants.
“2. The only issues outstanding are the defendant’s counterclaim.
“3. There is no just reason for delay in making this judgment final pursuant to Rule 54(b), Alabama Rules of Civil Procedure.
“It is therefore ordered that the judgment in favor of Paul Jennings, Paul Glenn, and Alvin Minyard is hereby made final pursuant to Rule 54(b), the court finding no just reason for delay. Case remains set for trial on [the] counterclaim .... ”
On June 7, 2000, Swenson moved the court to reconsider its order of May 31, 2000, contending, among other things, that he had received only one day’s notice of the May 31 hearing and had not appeared on that date because he had a conflict. On June 14, Swenson supplemented his June 7 motion, contending that he had not been *1100 served with the exhibits referred to in Jennings’s March 17 motion. On June 20, Swenson moved the court to set a hearing on his motion. On August 1, 2000, the court entered the following order:
“Upon consideration of motion for hearing [the] Court finds:
“1. Motion for summary judgment filed by defendants was granted on 1-5-99. Counterclaim of defendants remained pending.
“2. Plaintiffs filed [a] motion to reconsider on 1-11-99. That motion to reconsider was set for a hearing on Feb. 10, 1999. On Feb. 2, 1999, the hearing on [the] motion to reconsider was reset for March 9,1999.
“3. On March 9,1999, the court reset the motion for summary judgment of Jennings, only, [for] April 13,1999.
“4. On April 13, 1999, [Jennings] was given 5 days to reply to plaintiffs supplemental brief. On 3-17-2000, Paul Jennings filed [a] motion to reconsider his motion for summary judgment.
“5. That motion to reconsider Paul Jennings’s motion for summary judgment was set for May 1, 2000 at 10:00 a.m.
“6. On 5-1-2000, no one appeared and [the] motion to reconsider was denied.
“7. On 5-23-2000, the motion was reset for [a] hearing on May 31, 2000.
“8. On 5-31-2000, the court entered an order purporting to deny the motion to reconsider Jennings’s motion for summary judgment, but the text of the order grants Jennings’s motion for summary judgment and makes the summary judgment final as to the plaintiffs complaint against all defendants.
“9. More than 60 days have elapsed since the court’s order of 5-31-2000. However, a ‘motion to reconsider’ filed for the first time after a judgment may be considered a motion under Rule 59. “Upon consideration of [Swenson’s] motion to reconsider said motion is overruled and denied. [The] Court finds defendant’s motion for summary judgment is due to be granted. Said judgment in favor of defendants is due to be made final under Rule 54(b) as heretofore ordered because it disposes of all claims of plaintiff.”
Swenson filed his notice of appeal on September 12, 2000.
In this case, the trial court entered three orders purporting to be summary judgments for the defendants: on January 5, 1999; on May 31, 2000; and on August 1, 2000. Swenson filed a “Motion to Reconsider” after each of the first two orders and appealed within 42 days of the entry of the third order.
Swenson’s appeal was timely filed. A judgment is “any order from which an appeal lies.” Rule 54(a), Ala.R,Civ.P. See generally Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2651 (1983). The trial court’s order of January 5, 1999, was not a “judgment” that would support an appeal, because it did not dispose of Jennings’s counterclaim and there was no statement in compliance with Rule 54(b). See Simpson v. First Alabama Bank, 345 So.2d 292 (Ala.1977). Therefore, because the trial court’s January 5 order was not a “judgment,” Swenson’s January 12 filing was not a “postjudgment motion,” pursuant to Rule 59(e). Cf. Lanier v. Surrett, 772 So.2d 1187, 1188 (Ala.Civ.App.2000) (holding that “[b]ecause the partial summary judgment was interlocutory, [a litigant’s] motion [to reconsider it] was not one filed pursuant to Rule 59(e)”).
Swenson’s first postjudgment motion was filed on June 7, 2000. The trial court ruled on that motion on August 1, 2000. Swenson’s notice of appeal, filed on Sep *1101 tember 12, 2000, the 42d day after the entry of the order denying his post-judgment motion, was therefore timely.
II.
Swenson contends that the summary judgment was erroneous for three reasons, namely: (1) that it was entered without the 10 days’ notice of the hearing on the motion required by Rule 56(c)(2), Ala. R.Civ.P.; (2) that it was based on eviden-tiary materials not attached to the defendants’ motions, not filed with the trial court, and not served on him as required by Rule 56(c)(1) and 56(c)(2), Ala.R.Civ.P.; and (3) that genuine issues of material fact precluded entry of the judgment. We conclude that Swenson’s third reason has merit, is dispositive of this case, and eliminates the need to discuss the first two reasons.
We review a summary judgment de novo. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Rule 56(c); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, “the burden then shifts to the non-movant to rebut the movant’s prima facie showing by ‘substantial evidence.’ ” Lee, 592 So.2d at 1038. “Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see § 12-21-12(d), Ala.Code 1975. See Ex parte General Motors Corp., 769 So.2d 903 (Ala.1999); West, 547 So.2d at 871, and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for further discussion of the application of the summary-judgment standard.
Swenson’s complaint alleged that Jennings, Glenn, and Minyard owned or operated an illegal landfill or an unauthorized dump in violation of the Solid Wastes Disposal Act, § 22-27-1, Ala.Code 1975. Jennings defended on the basis that he was not an owner or an operator of the landfill. In an affidavit attached to his motion for a summary judgment, Jennings stated that, although he had rented equipment to the owners of the landfill for the purpose of moving debris, he had no other interest in the landfill. He also attached affidavits by Glenn and Minyard, stating that they were the owners of the landfill and that Jennings had never owned or operated the landfill and had no interest whatever in it.
Glenn and Minyard admitted ownership of the Margaret Landfill on Levine Road, but they disputed Swenson’s claim that the landfill was in violation of the Solid Wastes Disposal Act. Specifically, they filed affidavits stating that the landfill contained “nothing more than dirt, brush, and tree stumps,” material unregulated by Alabama law, and that it did not contain “solid wastes” as defined by § 22-27-2(1), Ala. Code 1975.
In his response to the motion for a summary judgment filed by Glenn and Minyard, Swenson attached five affidavits stating that the affiants had been to the landfill and had seen construction debris, oil cans, sheetrock, remains of old houses, roofing shingles, tires, metal cans, barrels and “what looked like batteries.” One of the five affiants also stated:
“I am a licensed surveyor in the State of Alabama. I was doing some survey work in the last few months, and ran into Paul Jennings, for whom I have *1102 done some survey work in the past. During the course of the conversation, Mr. Jennings said that he was going to have to bring in some fill to fill over his dump at Margaret, referring to the dump on Levine Road in Margaret.”
Another affiant stated:
“One day I was in the Buckeye Grocery Store, and heard a person come up to Paul Jennings and ask him whether the person could dump in Jennings’s landfill up on the mountain, being the Levine Road Landfill. Jennings asked what was going to be dumped there, and the man said just some old tires, wood and stuff. Paul Jennings said that it was OK to dump there and just to pay him. That conversation is similar to others that I have heard from Paul Jennings, who often referred to that dump as his dump.”
It is clear that Swenson’s evidentiary submissions in opposition to the motions for summary judgment rebutted, by substantial evidence, Jennings’s prima facie showing that he was neither an owner nor an operator of the landfill, and the showing by Glenn and Minyard that the landfill contained nothing other than dirt, brush, and tree stumps. The summary judgments are, therefore, reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.