THOMAS, Judge.
On May 12, 2008, Honorata Lloyd and Calvin Lloyd (“the Lloyds”) sued Perm Cook and James Cook d/b/a PJ’s Floral & Crafts (“the Cooks”), alleging that the Cooks had intentionally interfered with the Lloyds’ business relationship with Willie’s World Flea Market. The Cooks moved to dismiss the complaint and also asserted *636 counterclaims against the Lloyds, seeking damages for abuse of process and sanctions pursuant to the Alabama Litigation Accountability Act, codified at Ala.Code 1975, § 12-19-270 et seq. The Cooks moved for a summary judgment on the Lloyds’ intentional-interference claim, which the trial court granted on June 15, 2009. The Lloyds then filed a motion seeking reconsideration of the partial summary judgment, which the trial court denied on July 7, 2009.
On September 11, 2009, the Lloyds moved for a summary judgment on the Cooks’ counterclaims. On October 6, 2009, the parties filed a joint stipulation dismissing the Cooks’ counterclaims with prejudice. The trial court purported to “grant” the joint stipulation on October 7, 2009.
On October 14, 2009, the Lloyds filed a “Motion for Rule 54 Final Judgment.” In that motion, the Lloyds requested that the trial court expressly direct the entry of a final judgment. In addition, the motion alleged that the June 15, 2009, partial summary judgment remained subject to revision at any time before the entry of a final judgment and prayed for “a review and revision of said order at this time.”
On November 5, 2009, the trial court entered an order indicating its confusion regarding the Lloyds’ request for a Rule 54(b), Ala. R. Civ. P., certification. In that order, the trial court explained that the partial summary judgment entered on June 15, 2009, had disposed of the Lloyds’ claims and that the Cooks’ claims had been dismissed on motion of the parties on October 7, 2009. The trial court required the Lloyds to specify the claims that they contended remained to be adjudicated.
The Lloyds did not respond to the trial court’s order until January 21, 2010. In their response, the Lloyds appear to argue that the remaining “claim” was actually a request for a hearing on the motion seeking reconsideration of the June 15, 2009, partial summary judgment, which motion had been denied without a hearing on July 7, 2009. After receiving the Lloyds’ response, the trial court entered an order on February 4, 2010, in which it recounted the procedural history of the case, indicated that it believed that the dismissal of the Cooks’ counterclaims on October 7, 2009, rendered the June 15, 2009, partial summary judgment final, questioned its jurisdiction to enter an order on the October 14, 2009, motion seeking a Rule 54(b) certification, and denied that motion. The Lloyds appealed that order to the Alabama Supreme Court on March 17, 2010; our supreme court transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6).
The Cooks have filed a motion to dismiss the appeal. The Lloyds have responded. Based on the arguments made by the Cooks in their motion and our examination of the procedural history of this case, we dismiss the appeal.
The June 15, 2009, partial summary judgment disposed of the Lloyds’ claim against the Cooks. That order, however, was not a final judgment because the counterclaims asserted against the Lloyds by the Cooks remained pending. See Rule 54(b) (stating that an order adjudicating fewer than all the claims pending “is subject to revision at any time before the entry of a judgment adjudicating all the claims”); see also Simmons Mach. Co. v. M & M Brokerage, Inc., 409 So.2d 743, 759 (Ala.1981) (stating that a partial summary judgment is an interlocutory order and as such is “subject to revision at any time before the entry of judgment adjudicating all the parties’ claims, rights, and liabilities”); Lanier v. Surrett, 772 So.2d 1187, 1188 (Ala.Civ.App.2000) (“An interlocutory order is subject to revision at any time before the court entered a final judgment *637 that disposes of all the issues”). The Lloyds filed a motion seeking reconsideration of the partial summary judgment; that motion was not technically a post-judgment motion, because the partial summary judgment was an interlocutory order and not a final judgment. See Lanier, 772 So.2d at 1188. The trial court retained jurisdiction to reconsider the partial summary judgment at the request of either side or on its own initiative until that judgment was made final either by use of a Rule 54(b) certification or by the entry of a judgment disposing of all the claims and all the parties in the action. See Rule 54(b); Lanier, 772 So.2d at 1188. The trial court entertained the Lloyds’ motion and denied it on July 7, 2009.[1]
On October 6, 2009, when the parties filed a joint stipulation of dismissal with prejudice of the Cooks’ counterclaims, the June 15, 2009, partial summary judgment became a final judgment. Although the trial court purported to grant what it characterized as a motion for a Rule 12(b), Ala. R. Civ. P., dismissal, the parties had not requested a Rule 12(b) dismissal; instead, they had filed a joint stipulation of dismissal pursuant to Rule 41(a)(1)(h), Ala. R. Civ. P., which was effective upon its filing and did not require any action by the trial court. See Gallagher Bassett Servs., Inc. v. Phillips, 991 So.2d 697, 700 (Ala.2008) (explaining that a joint stipulation of dismissal filed pursuant to Rule 41(a)(1)(h) acts to terminate an action at the time of its filing and that no action by the trial court is needed to effectuate it). Thus, the date that the partial summary judgment became final, and, thus, the effective date for calculating the time for filing any post-judgment motions or the time within which to have taken an appeal, is October 6, 2009.
As noted above, on October 14, 2009, the Lloyds filed a motion entitled “Motion for Rule 54 Final Judgment.” In that motion, the Lloyds alleged that the trial court had “not entered an order pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure providing for the entry of a final judgment,” stated that “it is now proper for the Court to direct the entry of a final judgment as to all claims upon an express determination that there is no just reason for delay,” and requesting that the trial court “make an express direction for the entry of judgment.” In its last paragraph, the motion further alleged that the June 15, 2009, partial summary judgment “remains subject to revision before the entry of a final judgment, and [the Lloyds] respectfully pray for a review and revision of said order at this time.”
Although we might typically need to determine whether the Lloyds’ October 14, 2009, motion was a postjudgment motion made pursuant to Rule 50, Rule 52, Rule 55, or Rule 59, Ala. R. Civ. P., which would have tolled the time for taking an appeal, see Rule 4(a)(3), Ala. RApp. P., we need not make such a determination in the present case because, regardless of whether the October 14, 2009, motion was a post-judgment motion, we would still conclude that the Lloyds’ notice of appeal was not timely filed. If we were to conclude that the October 14, 2009, motion was not a postjudgment motion that tolled the time for taking an appeal, the time for filing an appeal expired on November 17, 2009, which was 42 days after October 6, 2009. See Rule 4(a)(1) (prescribing the 42-day period within which to take an appeal). If we were to conclude that the October 14, 2009, motion was a postjudgment motion and that it tolled the time for taking an appeal, that motion would have been denied by operation of law on January 12, *638 2010, see Rule 59.1, Ala. R. Civ. P., and the time for taking an appeal would have expired on February 23, 2010, which was 42 days after the motion would have been denied by operation of law. See Rule 4(a)(1) and (3), Ala. R.App. P. (requiring that a notice of appeal be filed within 42 days of the denial of a postjudgment motion). In either event, the Lloyds’ notice of appeal, which was filed on March 17, 2010, was filed too late.
The failure to file a timely notice of appeal deprives this court of jurisdiction, and we must therefore dismiss the Lloyds’ appeal. Byrd v. Petelinski, 757 So.2d 400, 402 (Ala.2000); see also Schiffman v. City of Irondale, 669 So.2d 136, 138 (Ala.1995) (“The time for filing a notice of appeal is jurisdictional.”). Thus, the Cooks’ motion to dismiss the appeal is granted.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. The Lloyds appealed the partial-summary-judgment order to the Alabama Supreme Court on July 16, 2009; however, that appeal was dismissed on the Lloyds’ motion.