Kristin **FOOTE**, Plaintiff,

v.

Roger **SPIEGEL**, et al., Defendants.

No. 2:94–CV–754.

United States District Court,
D. Utah,
Central Division.

Feb. 23, 1999.

Mr. W. Andrew McCullough, Orem, UT, for Plaintiff.

Mr. Robert Wallace, Salt Lake City, UT, for Defendants.

## ORDER

CAMPBELL, District Judge.

This matter is before the court on the parties' cross-motions for summary judgment

on plaintiff's claims under the Americans with Disabilities Act ("ADA"). The court conducted a hearing on these motions on February 16, 1999, at which plaintiff was represented by Andrew McCullough, John Pace, Lauren Barros, and Stephen Clarke; the Davis County defendants were represented by Robert Wallace and Brett Rich; and the State of Utah defendants were represented by Rebecca Waldron and Dan Larsen. Having fully considered the arguments of counsel, the submissions of the parties, and applicable legal authorities, the court now enters the following order.

### Background

The facts underlying this lawsuit are, briefly, as follows.[1] On May 8, 1994, defendant Howe, a Utah Highway Patrol officer, pulled over a car driven by Ms. Foote. Defendant Spiegel, a drug recognition expert, subsequently arrested Ms. Foote for driving under the influence of drugs and brought her to the Davis County Jail. While at the jail, and prior to her booking, plaintiff was strip searched by defendant Williams, a correctional deputy.

Various tests administered to Ms. Foote revealed no evidence of drug or alcohol use on May 8, 1994. Sometime after the incident, Ms. Foote was diagnosed with a neurological disorder, possibly mild cerebral palsy, which may have caused her slurred speech, poor coordination and balance problems that the officers mistook for the effects of drugs.

### Discussion

Ms. Foote claims that the defendants violated Title II of the ADA by failing to recognize the symptoms of her neurological problems and, instead, concluding that she was under the influence of drugs. Title II of the ADA provides in part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public

entity, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132. However, to come under the protection of the ADA, plaintiff must show that she had a "disability" as that term is defined in the Act. "Disability" means:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C.A. § 12102(2).

Ms. Foote admits that she is not substantially limited in a major life function. Instead, she now bases her ADA claim on the third prong of the above definition. In essence, it is Ms. Foote's contention that she is entitled to the protection of the ADA because when she was arrested, the defendants regarded her as disabled. The question now is, because the officers regarded Ms. Foote as being impaired as the result of having taken illegal drugs, is Ms. Foote a disabled individual under the ADA.

Focusing on what "regarded as" covers, 28 C.F.R. § 35.104 states:

(4) The phrase *is regarded as having an impairment* means—

(I) Has a physical or mental impairment that does not substantially limit major life activities but that is treated by a public entity as constituting such a limitation.

The evidence indicates, and the court accepts, that Ms. Foote has a physical or mental impairment that does not substantially limit major life activities. However, the public entity, here the defendants, did not treat Ms. Foote's impairment as substantially limiting a major life activity. Although the officers certainly regarded Ms. Foote as "impaired" and unfit to drive because of that impairment, the officers regarded the impairment as temporary, caused by taking illegal drugs.[2] There is absolutely no evidence that the defendants regarded Ms. Foote as anything but temporarily impaired.

---

1. The facts of this much-litigated case are more fully set out in two previous decisions: *Foote v. Spiegel,* 903 F.Supp. 1463 (D.Utah 1995), and *Foote v. Spiegel,* 118 F.3d 1416 (10th Cir.1997).

2. The protection of the ADA does not extend to those "currently engaging in the illegal use of drugs." 42 U.S.C.A. § 12114(a); *Nielsen v. Moroni Feed Company,* 162 F.3d 604, 609 (10th Cir. 1998).

To hold that the ADA protects someone in Ms. Foote's position, who bases her claim that she is disabled under the ADA solely on the fact that the defendants who arrested her regarded her as impaired due to drug use, would extend the Act's coverage far beyond the clear purpose of Congress.[3] The legislative history of the ADA shows that the Act was intended to protect individuals who are either substantially limited in a major life activity or, because of some non-limiting impairment, are discriminated against as a result of societal prejudices. *See School Bd. Of Nassau County v. Arline*, 480 U.S. 273, 282–85, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987). By enacting the "regarded as" prong of the ADA, "Congress has acknowledged that society's accumulated myths and fears about disability and diseases are as handicapping as are the physical limitations that flow from the actual impairment." *Id.* at 284, 107 S.Ct. 1123. Because Ms. Foote was neither a person with a substantially limiting disability or a person regarded as having a substantially limiting disability, she does not fall within the scope of the ADA.

The cases that Ms. Foote relies on to support her theory of liability under the ADA simply do not apply where there is no allegation of actual disability. For example, in *Lewis v. Truitt*, 960 F.Supp. 175 (S.D.Ind. 1997), and *Hanson v. Sangamon County Sheriff's Dept.*, 991 F.Supp. 1059 (C.D.Ill. 1998), both plaintiffs claiming discrimination by law enforcement officers were deaf. There was no dispute that each plaintiff was "clearly a 'qualified individual with a disability.'" *Hanson*, 991 F.Supp. at 1062.

In *Jackson v. Town of Sanford*, No. 94–12–P–H, 1994 WL 589617 (D.Me. Sept.23, 1994),

the plaintiff, who had suffered a stroke and was partially paralyzed, was arrested for driving under the influence. The issue of whether plaintiff was a qualified individual under the ADA seemed to be accepted and the defendants rested their motion for summary judgment solely on the argument that the Fourth Amendment reasonableness test applied. The court disagreed and, in denying summary judgment, stated: "The Town and its police force are a public entity and the plaintiff is a qualified individual with a disability those terms are defined in Title II of the ADA. 42 U.S.C. § 12131. The legislative history of the ADA demonstrates that Congress was concerned with unjustified arrests of disabled persons such as Jackson alleges here." *Id.* at *6. Because the court in *Jackson* did not appear to base its decision on the "regarded as" prong of the ADA, the case does not support Ms. Foote's argument that a person without a substantially limiting disability is protected by the ADA when police officers erroneously regard her as under the influence of drugs or alcohol.

Because Ms. Foote concedes that her neurological problems do not substantially limit her in a major life activity, and because the evidence is undisputed that the officers were not told by Ms. Foote that she was disabled and regarded her only as being temporarily impaired due to drug use, Ms. Foote is not an individual with a disability under the ADA. Defendants' motions for summary judgment on the claims brought under the ADA are granted.[4]

---

3. Although there is evidence in the record that before her arrest by defendants, Ms. Foote recognized, as did her colleagues, that she was poorly coordinated, was dyslexic, and had difficulties with speech, Ms. Foote does not allege that anyone, including Ms. Foote, perceived her difficulties as substantially limiting Ms. Foote in a major life activity. Her difficulties were characterized by her own expert, Dr. Judith Gooch, as a "subtle disorder." (Gooch Depo. at 38.) Ms. Foote, in fact, bases her claim that she was "regarded as" disabled, on the theory that the it was the defendants who regarded her disabled, not others. (Memorandum Summarizing Plaintiff's ADA Claims at 5–6, dkt. # 300.)

4. The court believes that this decision is not contrary to the decision of the Honorable David Sam denying summary judgment. (Memorandum Decision & Order of Jan. 23, 1997, No. 2:95–CV–956, dkt. # 51.) It appears that at the time the case was before Chief Judge Sam, Ms. Foote was claiming to be substantially impaired in a major life activity and was not resting her ADA claim solely on the "regarded as" prong. However, to the extent that this decision differs from the previous order, because Chief Judge Sam's denial of summary judgment was an interlocutory order, "the court at any time before final decree may modify or rescind it." *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88, 42 S.Ct. 196, 66 L.Ed. 475 (1922).